State v. Noble.

## THE STATE vs. STEPHEN NOBLE.

It is a general rule in criminal prosecutions, that an unnecessary averment may be rejected, where enough remains to show, that an offence has been committed.

There is one exception however to this rule, which is, where the allegation contains matter of description. Then if the proof given be different from the statement, the descriptive words cannot be rejected as surplusage, and the variance is fatal.

Thus no conviction can take place, where the indictment charges the taking and conversion of a pine log marked with a mark particularly described, and the proof has reference exclusively to a pine log marked with a manifestly different mark.

EXCEPTIONS from the Court of Common Pleas, SMITH J. pre-siding.

*Noble* was indicted for fraudulently and wilfully taking from the *Kennebec River* and converting to his own use certain logs. He was found guilty on the first count only, thus describing the log; " One pine log marked H × W, of the value of three dollars, of the goods and chattels of *J. D. Brown, Charles McIntire* and *John Welch*, and not the property of said *Noble*." The evidence applied entirely to a pine log marked " W × H × *with a girdle*," or circle cut round it. *Brown* testified, that one of their logs, partly sawed into blocks, with the mark last mentioned was seen by him near *Noble's* house, " but that the log described in the first count of the indictment was not of their mark, and that he should not claim or know it as their property." Other objections were made, besides that arising from variation in the description in the indictment and the proof, which need not be stated, nor the facts on which they were founded. The Judge on this point instructed the jury, that the mark, by which the log was described in the first count, might be rejected as surplusage, and if they found that the log, which was seen near *Noble's* house, was removed from the river and sawed by him, with the intention fraudulently and wilfully to convert it to his own use, and that the same log was the property of said *Brown*, *McIntire* and *Welch*, then they would find *Noble* guilty on the first count. *Noble* excepted to this instruction.

*Wells*, for *Noble*, argued orally, and on this point contended: that it is necessary to allege the property to be in some one, or that

State v. Noble.

the owner is unknown, and to prove it as laid, or there must be an acquital. 2 *Chitty's Cr. Law*, 708; 2 *Russell*, 153, 162; *Commonwealth* v. *Morse*, 14 *Mass. R.* 218. The name of the owner is part of the description. The proof by the government is, that *Brown, McIntire* and *Welch* did not own the log described in the indictment. The description of the log in the indictment is the only way the logs of these men can be distinguished from the logs of others, and cannot be rejected as surplusage. It has been settled, that if a man be indicted for stealing a black horse, and the evidence be, that he stole a white one, he cannot be convicted. The description of a log by the mark is more essential, than that of a horse by its color. If it was not necessary to describe the log so particularly by the mark, yet having so stated it, there can be no conviction without proof of it. 2 *Russell*, 171; 3 *Starkie on Ev.* 1530.

*H. W. Paine, County Attorney*, afterwards argued in writing.

On this point he contended, that had all mention of the mark been omitted, the indictment would have been good. The rule is well established, that an unnecessary allegation does not become material by being introduced into an indictment, if it forms no part of the *description of the offence*, and does not qualify or aggravate the offence. *Commonwealth* v. *Arnold*, 4 *Pick.* 252; *Commonwealth* v. *Cooley*, 10 *Pick.* 37; 3 *Starkie on Ev.* 1534, citing *Pye's case, East's P. C.* 785; 3 *Burrow*, 1586.

The case was continued, and the opinion prepared by

WESTON C. J. — It may be regarded as a general rule, both in criminal prosecutions and in civil actions, that an unnecessary averment may be rejected, where enough remains to show, that an offence has been committed, or that a cause of action exists. In *Ricketts* v. *Solway*, 2 *Barn. & Ald.* 360, *Abbott C. J.* says, " there is one exception however to this rule, which is, where the allegation contains matter of description. Then if the proof given be different from the statement, the variance is fatal." As an illustration of this exception, *Starkie* puts the case of a man charged with stealing a black horse. The allegation of color is unnecessary, yet as it is descriptive of that, which is the subject matter of the charge, it cannot be rejected as surplusage, and the man convicted

of stealing a white horse.    The color is not essential to the offence of larceny, but it is made material to fix the identity of that, which the accused is charged with stealing.    3 *Stark.* 1531.

In the case before us, the subject matter is a pine log, marked in a particular manner described.    The marks determine the identity; and are therefore matter purely of description.    It would not be easy to adduce a stronger case of this character.    It might have been sufficient to have stated, that the defendant took a log merely, in the words of the statute.    But under the charge of taking a pine log, we are quite clear, that the defendant could not be convicted of taking an oak or a birch log.    The offence would be the same; but the charge, to which the party was called to answer, and which it was incumbent on him to meet, is for taking a log of an entirely different description.    The kind of timber, and the artificial marks by which it was distinguished, are descriptive parts of the subject matter of the charge, which cannot be disregarded, although they may have been unnecessarily introduced.    The log proved to have been taken, was a different one from that charged in the indictment; and the defendant could be legally called upon to answer only for taking the log there described.    In our judgment therefore, the jury were erroneously instructed, that the marks might be rejected as surplusage; and the exceptions are accordingly sustained.