## STATE *v.* TOWN OF NORTHUMBERLAND.

If, in an indictment against a town for not repairing a highway, the *termini* are set out, they must be proved as laid; and any material variance is fatal.

State of New Hampshire—Coos ss. At the trial term of the Supreme Judicial Court holden at Lancaster within and for the county of Coos aforesaid, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and sixty-two :

The Grand Jurors for the State of New Hampshire upon their oath present, that for a long time previous to the first day of May, in the year of our Lord one thousand eight hundred and forty-five, there was, and ever since then there has been, a common highway in the town of Northumberland in said county of Coos, which said highway all the good citizens of this State might and of right should use to pass and repass through and over the same on foot and with their horses and carriages and teams at their will and pleasure ; said highway commencing at the guide-board about twenty rods easterly from the dwelling house of James Richey, in Northumberland aforesaid, upon the road leading from Lancaster in said county, through said Northumberland to the railroad depot in said Northumberland ; and from said guide-board running in a northerly direction down a sand hill, and from thence across the meadow of said James Richey and across the Ammonoosuc river and to the dwelling house of Edward Bucknam, all in said Northumberland ; and that said Ammonoosuc river, across which the said highway passes and at the place where it crosses the same, is a wide and deep river, with high and steep banks and entirely impassable either on foot or with horses, carriages or teams, except by a bridge ; and that said town of

Northumberland at the time aforesaid, suffered a bridge which then existed across said river at the place where said highway crosses the same, to be taken down and carried away and to fall down, so that said good citizens of this State, for want of a bridge across said river at the place aforesaid, could not from the first day of May, in the year of our Lord one thousand eight hundred and forty-five, to the day of making this presentment, go, pass or repass over the same, either on foot or with their horses, carriages or teams, without great danger to themselves, their said horses, carriages and teams, by means whereof it became, and during all of said time it was, necessary, in order that the said citizens of this State, having occasion to pass and repass in manner aforesaid, might go, pass and repass in safety as aforesaid, on foot and with their horses, carriages and teams along said highway and across said river, that a good and substantial bridge should be there erected and built by said town of Northumberland across said Ammonoosuc river at the place where said highway crosses the same as aforesaid, of the width of twenty feet and long enough to reach across said river, of all which said town of Northumberland had notice ; and that said town of Northumberland during all the time aforesaid and still is by law holden and bound to build, keep up and keep in good repair such bridge across said river at the place aforesaid whenever the same should or may be necessary, and it then and there became and was necessary, and it was then and there the duty of the said town of Northumberland to build such bridge across said Ammonoosuc river at the place aforesaid where said highway crosses said river as aforesaid. Yet the said town of Northumberland well knowing that said bridge had been taken down and carried away as aforesaid, during all the time aforesaid did refuse and neglect to rebuild any bridge across said river at the place aforesaid, to the great damage and common nuisance of all said good citizens, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

The indictment makes a part of this case. The State proved the existence of a highway by prescription, from the southern terminus, the guide-board, thence running northerly down the said hill and across said meadow, and across said Ammonoosuc river, and thence northerly about eighty rods in the direction of said Bucknam's house to a point on the bank of Connecticut river, where the same bends towards the east. From this point northerly, it appeared that the river had been constantly wearing away the easterly bank, and the travelled track had changed as the bank wore away, so as to pass round this bend into the highway, which was proved to extend from a point on said bank to said Bucknam's house. Around this bend for a distance of some forty or fifty rods, the evidence did not show any legal highway, as the road had not been in any one place, for twenty years together, though it appeared that the public had in some way had permission to pass, and did pass, round this bend from the highway on one side to the highway on the other. The defendant objected that this proof was insufficient to sustain the indictment, because the existence of the highway described in the indictment had not been proved. But the court overruled the ob-

jection and instructed the jury, upon the proof as above stated, that they might find the defendant guilty of the charge in this indictment provided they found for the State on all the other points in the case. To these instructions defendant excepted. The jury returned a verdict of guilty, which the defendant moves to set aside, and also in the arrest of judgment for the above cause.

*Ray*, solicitor for State.

*Burns & Fletcher*, for respondent.

BELLOWS, J. In indictments for not repairing highways and for nuisances therein, it has been held not to be necessary to set out the *termini*. *Commonwealth* v. *Hall*, 15 Mass. 240; *Commonwealth* v. *Newbury*, 2 Pick. 51; *State* v. *Godfrey & al.*, 3 Fairfield Rep. 369; Angell on Highways, secs. 276, 277; 2 Chitty's Cr. Law 338 and cases. But if they are set out, they must be proved as laid, and any material variance is fatal. 2 Chitty's Cr. Law 338 and cases; Roscoe's Cr. Evi. 565–6, and cases cited; Angell on Highways, sec. 276; *Fisher's Case*, 8 C. & P. 612; *Regina* v. *Botfield*, 1 C. & M. 88; *Wright* v. *Rattray*, 1 East. Rep. 376; this was an action on the case for obstructing plaintiff in the use of a way from his close through the close of the defendant into the village of Allesley. It appeared in evidence that a private way had once existed by prescription between the places mentioned, but that the plaintiff's grantor who then owned the defendant's close conveyed it without reserving the way, and thus extinguished it over that close, so that the way now extended only to defendant's close, and not to the village of Allesley, which adjoined the defendant's close. The court held that, on a case reserved, the variance was fatal, because the way did not extend unto the village of Allesley. This case well illustrates the general principle and is precisely in point.

In the case before us the indictment alleges that the highway extended to the dwelling house of Edward Bucknam, but the proof does not sustain the allegation; and although the want of repairs shown, is in a part of the highway which is proved to exist, yet the identity of the way described is not established.

The objection here is purely technical and the court regret to be obliged to dispose of the case upon such a ground; and yet we are unable to distinguish it from the numerous cases referred to, and which, as we think, accord with the well established rules of pleading, that descriptive averments must be proved as laid, unless they are impertinent and immaterial and would be struck out on motion. In such cases they may be regarded as surplusage, and need not be proved, but if they enter into the description of the offence, or of the claim set up, they must be proved as laid. As if in pleading, a party allege himself to be seized in fee of land; proof that he has an estate of freehold less than a fee, is not enough, although it might have been, had he so alleged it. 1 Ch. Pl. 228, 385, 547. Of the same character is the leading case of

*Bristow* v. *Wright*, Doug. 665, and notes to that case; 1 Smith Lead. Cases 324, 328, 332 and 333; and also *State* v. *Copp*, 15 N. H. 212; *State* v. *Bailey*, 31 N. H. 526; *State* v. *Noble*, 15 Maine 476, where the same doctrine was applied to an indictment for stealing a pine log marked H. x W., and the proof was of a log marked W. x H. x with a girdle cut around it. See also 3 Starkie Evi. 1542 & *seq.* and cases cited.

Without trenching, then, upon the solidity of a rule which is not only well established but which upon the whole is essential to the protection of persons charged with offences, this part of the description of the highway cannot be rejected as surplusage. Even if it be true that it is unnecessary to set out the *termini*, and this may need some qualification, it is quite well established that if they *are* set out they must be proved, in order to establish the identity of the way alleged to be affected by the nuisance.

If the highway be described by the *termini*, or otherwise, the respondent can rightfully be required to answer to the charge of causing a nuisance in that alone, and the description therefore becomes material and must be proved.

It is urged in this case that the *termini* are proved as laid, inasmuch as a legal highway is shown to exist from one *terminus* to the other, with the exception of a short distance at a point between the place of the alleged nuisance and the northerly *terminus*, and where there is in fact a way, although not legally established, or, in other words, that the place where the nuisance is alleged to exist is shown in the indictment with substantial accuracy.

If the indictment had alleged that the highway extended from the southerly *terminus* across the river and *towards* the house of Edward Bucknam, it might have been sufficient, as suggested in *Wright* v. *Rattray*, before cited; but as both *termini* have been set out, the rules of pleading require that they should be proved.

It is true that in this case it would readily be inferred, without proof of any highway on the northerly side of the river, that the nuisance complained of was the not building a bridge in the highway leading from the southerly *terminus* towards the house of Mr. Bucknam, and it may also be said that the town could be at no loss to determine the place of the alleged nuisance. Still this is not sufficient, unless it can be shown that it is enough in all cases to prove so much of the highway described as will prove its existence at the place of the nuisance alone,—a proposition which finds no countenance from any adjudged case that we can find.

In indictments against towns for not repairing highways, it is essential that it be alleged that the highway is within its limits; and if not strictly necessary to describe it by bounds it is at least a convenient practice, and any relaxation of the rules requiring the *termini* when stated to be proved, so far as to hold it sufficient to prove a highway at the place of the nuisance alone, would be likely to lead to a looseness

of practice that would not only destroy the rule itself, but tend greatly to mislead the towns or persons charged with such offences.

Upon these views there must be

*A new trial.*