## RANDALL HILL v. THE STATE.

1. APPEAL—STATEMENT OF FACTS.—Where judgment was not rendered upon a verdict of guilty until the next term after it was returned into the court, it is within the discretion of the court below to certify to a statement of facts, sufficient excuse being furnished for the delay.
2. See facts excusing the failure to have a statement of facts certified to by the court at the term in which verdict of guilty was rendered, when appeal was taken.
3. TRIAL, WHEN TERMINATED.—The *trial* may be held incomplete until all the issues of law as well as of fact have been determined, and final judgment entered.
4. CIRCUMSTANTIAL EVIDENCE.—The jury may infer the stealing of the whole property stolen at the same time from proof of the recent unexplained possession of part of the stolen property.
5. VARIANCE.—No allegation descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage, and a variance in the proof as to such description is fatal.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

*R. B. Hubbard,* for appellant.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The appellant was tried at August term, 1873, of the District Court of Smith county, on an indictment for theft of nine hides, the trial resulting in a verdict of guilty, and the punishment being fixed at two years in the penitentiary. A motion for a new trial was in due time filed, and being overruled, notice of appeal was given. The record recites that the prisoner was brought into court and sentence pronounced upon him as per verdict of the jury, " evidenced by the judgment in rec-

ord in this book on pages 238, 239;" but, in fact, no formal judgment appears to have been entered of record at that term. At the December term, 1873, a motion was made by counsel for defendant that the statement of facts be certified as a part of the record, being supported by affidavit of his attorney that he prepared the statement of facts several days before the adjournment of the preceding term, and tendered it to the attorney representing the State; that that officer was suddenly taken sick, and thereby prevented from getting the statement agreed to and certified. Another attorney did make oath that he was employed after the verdict, giving the same account of the proposition of the statement of facts, and stating that by sickness of his family he was compelled to go home and remain until the end of the term. This motion was granted, and the statement of facts ordered to be made a part of the record. On the same day, on motion of the District Attorney, the judgment entered at the former term was reformed and annulled, the sentence then pronounced set aside, and a regular judgment was entered, *nunc pro tunc*, on the verdict of the jury, the record reciting the appeal to the Supreme Court, and remanding the prisoner to jail to await the further order of the court.

There is a motion to dismiss the appeal, on the ground that there is no final judgment, and that the statement of facts was not made out and approved at the term of court when the verdict was rendered. The statute provides that "when, from any cause whatever, a verdict of conviction has been returned, and there is a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at the next succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken." (Pas. Dig., art. 3151.) The final judgment, entered in accordance with this statute, appears to be final and complete. The validity of such judgments has been

repeatedly recognized in this court, and does not now admit of question. (Calvin v. The State, 25 Tex., 795.) As to the second ground of dismissal set up, it is sufficient to say that the validity of the appeal does not depend upon the statement of facts.

But we think it was competent for the court, under the circumstances of this case, to certify the statement of facts, and that we may regard it as properly a part of the record. The sufficiency of the excuse for the failure to have the statement signed and certified at the proper time was a matter largely within the discretion of the court below, and may be taken for granted if, under the law, the court had the power to grant the relief.

The statute directs the statement of facts to be made out and signed " during the term at which the trial was had," but it also contemplates that judgment be rendered at that term. (Pas. Dig., arts. 1490, 3147.) The trial may well be held incomplete until all the issues of law as well as of fact have been determined and the final judgment entered. Until this is done no appeal can be prosecuted. The right of appeal is secured by the Constitution as amended, and is carefully guarded by the law. When the verdict is returned within less than six hours of the time prescribed by law for the adjournment of the term, it directs that court be held during the whole of Saturday night and Sunday to enable the defendant to prepare his cause for the Supreme Court. (Pas. Dig., art. 3150.) Article 3189 is as follows: "An appeal may be taken by the defendant at any time during the term of the court at which the conviction is had." Chief Justice Marshall defines conviction as a " technical term applicable to judgment in a criminal prosecution." (Ammidon v. Smith, 1 Wheat., 461; see also Bouv. Law Dict., tit. Conviction.) The Criminal Code terms an accused person a "convict" only after "final condemnation." (Pas. Dig., art. 1628.) It may be true that conviction ordinarily signifies the finding of a verdict of guilty,

but it also sometimes denotes the final judgment of the court, and in support of personal liberty and the right of appeal. The latter meaning may be given it. (See 1 Wheat., above; King *v*. Turner, 15 East., 570.)

Indeed, if we look to the letter of the law, a defendant is secured an appeal at the term of court at which final judgment is entered and sentence pronounced. Article 3192, Pas. Dig., reads: "When the defendant fails to appear until after sentence is pronounced, the appeal shall nevertheless be allowed, if demanded, and have the effect of suspending the execution of the sentence and all other proceedings as fully as if taken at the proper time." We think this means a substantial appeal, and that the court, until judgment has been entered, is authorized in a case like the present, when it is practicable to do so, to incorporate into the record a bill of exceptions or a statement of facts essential to a fair presentation of the case for revision.

Regarding the statement of facts as properly before us, we find the main question presented is as to the sufficiency of the evidence to support the verdict. It seems by the evidence that between Saturday morning, about 10 o'clock, and the following Monday, nine beef hides, of the value of three dollars each, belonging to —— Kennedy, were taken, without his consent, from his slaughter-pen, where they were hanging on a pole to dry. On the following Saturday the defendant sold two of these hides to a tanner, who had been notified to watch for them. It is contended that the defendant, if guilty of theft at all, is only proved to have taken property of less than $20 value, and is not subject to imprisonment in the penitentiary. The proposition in general terms is, that proof of possession of part of stolen property will not support a verdict of guilty of theft of the remainder. Appellant's counsel have cited no authority for this proposition, and the examination we have made leads us to a different conclusion. The rule is laid down, both by elementary writers and in the reports, that the jury may

infer the stealing of the whole from the possession of part. (1 Phillips' Ev., C. & H.'s notes, 482, 496; Burrill on Cir. Ev., 454; Comm. v. Fugate, 1 Monr., 1; Comm. v. Montgomery, 11 Metc., 534; State v. Jenkins, 2 Tyler, Verm., 377; Colton's case, 4 City Hall Rec., N. Y., 139.) In the case last cited the prisoner was charged with the theft of a watch, a cord, and sundry other articles of jewelry, taken from a store between Saturday and Monday. The watch and cord were traced to his possession, but they were not of sufficient value alone to make the offense grand larceny. The court instructed the jury, that "where a large amount is stolen at the same time and place, and a part only is found in possession of the prisoner, he is bound to account for the whole." We think the evidence sufficient to support a verdict of theft of the nine hides lost by Kennedy at the place and time the two were taken.

But the indictment describes the hides by giving color, brands, and in some cases the locality of the brand; and the evidence not only fails to come up to the same minuteness of description as to most of the hides, but may be correctly said to vary from that description. Thus the indictment describes "one red and white spotted hide, branded thus, H H, on the side." One witness speaks of hides of a "white and black spotted color, brands not remembered." Another says they were mostly of a "white and spotted color," and at first did not remember any branded H H., but after being shown the brands H H described in the indictment, said he thought that one or two of the hides lost were branded with something like that brand. So far as this evidence goes there is not only a failure to prove the brand H H on the side, as alleged, but the proof shows a different color in fact. "White and spotted" and "white and black spotted" differ from "red and white spotted." With the exception of three or four hides, the variance is about as in the example given. It was unnecessary to use such minuteness of description in the in-

dictment; but it is said "that no objection, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage." (1 Wheat. Cr. Law, sec. 630; United States *v.* Howard, 3 Sumn., 12; State *v.* Noble, 15 Me., 476.)

In a charge of theft of a "black horse," the objection of color is unnecessary, yet as it is descriptive of the subject-matter of the charge, it cannot be rejected and the man convicted of stealing a brown horse or a white horse. (15 Me., 476; 3 Starkie, 151; 30 Me., 29; 1 Greenl. Ev., § 65.) Greenleaf lays down the rule thus: "Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved, for they are all made essential to the identity. (1 Greenl. Ev., § 65.) This rule is substantially recognized in the decisions of the court. We know of no exception to it which would justify us affirming this judgment.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.