## A. RANJEL *v.* THE STATE.

1. INDICTMENT—VARIANCE.—Indictment charged the theft of a bay gelding,. branded P A. R., while the proof showed that the animal lost by the prosecuting witness was a bay gelding, branded P. R. A. *Held,* a fatal. variance between the allegation and the proof.

:2. Same.—When a brand is set out in an indictment as descriptive of the animal, it cannot be treated as surplusage.

Appeal from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The opinion states the material facts.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. The indictment charges the defendant with the theft of a bay gelding, branded P. A. R. The evidence of the prosecuting witness shows that the horse which he lost was branded P. R. A. The variance between the allegation and the proof was fatally defective. The brand, as set out in the indictment, cannot be treated as surplusage, because it was used by the pleader as part of the description of the identity of the animal charged to have been stolen. "It was unnecessary to use such minuteness of description in the indictment; but it is said that 'no allegation, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage.' 1 Whart. Am. Cr. Law, sec. 630; *United States* v. *Howard*, 3 Sumn. 12; *State* v. *Noble*, 15 Me. 476. In a charge of theft of a 'black horse,' the objection (allegation?) of color is unnecessary, yet, as it is descriptive of the subject-matter of the charge, it cannot be rejected, and the man convicted of stealing a brown horse or a white horse. 15 Me. 476; 3 Starkie, 151; 30 Me. 29; 1 Greenl. on Ev., sec. 65. Greenleaf lays down the rule thus: 'Where a person or thing, necessary to be mentioned in an indictment, is described with unnecessary particularity, all the circumstances of the description must be proved, for they

·are all made essential to the identity.' 1 Greenl. on Ev., ·sec. 65. This rule is substantially recognized in the decisions of the court. We know of no exception to it.'' *Hill* v. *The State*, 41 Texas, 257. See, also, *Taylor Warrington* v. *The State*, decided by this court at the Austin term, 1876, and *James Rose* v. *The State*, decided at the present term of this court, *ante* pp. 168, 400.

For the reason that the evidence did not support the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*