## WASH COURTNEY *v.* THE STATE.

1. STATEMENT OF FACTS. — When a statement of facts is agreed to by counsel, but does not meet the approval of the judge, he can either make out an entirely new statement of his own, or so amend or add to the statement

made by the counsel as to make it a correct statement. It is his duty to see that any statement he certifies is correct in every particular.

2. VARIANCE. — Indictment described the stolen animal as a "white, black, and speckled blue yearling." The witnesses described the animal as a "three-year-old heifer, of a white and black speckled color," and as "a white and red and frosty-colored heifer;" and concurred in testifying that horned cattle are not yearlings after attaining the age of two years. *Held*, that between the indictment and the proof there is fatal variance, both in respect of color and the description as a yearling.

3. EVIDENCE. — Descriptive allegations, though unnecessarily minute, must be proved as laid, and cannot be ignored as surplusage.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

The opinion states the case.

*Goodrich & Clarkson*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. After the statement of facts had been agreed to and signed by the attorneys for the parties, the district judge, before indorsing his approval and certifying the same as correct, made an *addenda* setting forth other facts which he states were proven and omitted from the agreed statement, and then certified the whole as correct.

This, it is claimed, he had no authority to do, and that consequently the statement of facts, not being in conformity with law, should be disregarded by this court, and the case be treated as though there was no statement of facts in the record.

Our statutes with regard to statements of facts are as follows : " If a new trial be refused, a statement of facts may be drawn up and certified and placed in the record, as in civil cases. " Pasc. Dig., art. 3138 ; *Branch* v. *The State*, 1 Texas Ct. App. 99. Paschal's Digest, article 1490, prescribes the rules in full with reference to the preparation

and authentication of a statement of facts in civil cases, and, amongst the other rules, provides : " But if, on inspection of the statement offered, the parties cannot agree or the judge do not approve or sign it, then they shall submit their respective statements to the judge presiding at the trial, who, from the statement so furnished him and his own knowledge, shall, during the term of which the trial was had, make out a correct and exact statement of the facts of the cause as given in evidence, and shall sign and seal the same, and cause it to be filed in the records of the cause as a part thereof. " Pasc. Dig., art. 1490.

Under these rules the judge has the right, and it is his duty, to approve a correct statement of the facts ; and, when he does not approve the statement as agreed to by counsel, he can either make out a new statement entire, or, in case he sees proper, he can as in this case amend or add to the statement of the counsel, so as to make the statement correct. We think this course is fully warranted, and we see no impropriety in it. The judge is in duty bound to see that the statement he certifies and approves is correct in every particular.

The indictment charged the defendant with the theft of " one certain white, black, and speckled blue yearling (neat cattle), said yearling being then and there, " etc.

Martin Buckner, the principal witness for the state, who testified to seeing the defendant and one John Taylor at the place where the animal was killed, and who knew the animal well, said " the animal was a three-year-old heifer, of a white and black speckled color, and would have had a calf in the following month." Again he says " he knew the animal well, and she was three years old."

A. Coleman, the party from whose possession the animal was alleged to have been stolen, said that, " in June, 1876, he had a white and red, and sort of frosty-colored heifer, branded M M, belonging to Y. W. H. McKissack ;

that he had exclusive control and possession of the stock, including said heifer; that he had not seen said heifer since; * * * that he never gave defendant his consent to take the animal; that a yearling is a one-year-old or one year old past, and at two years old an animal becomes a two-year-old, and an animal past two years old is not a yearling." It was proven by three other witnesses "that a two or three-year-old of the cattle kind is not a yearling."

Amongst other things the court instructed the jury, in subdivision 5 of the charge, as follows: "But the age of the animal, as indicated in the word 'yearling,' it is not incumbent upon the state to precisely prove." Defendant's counsel asked a special instruction, which was refused by the court. The instruction is in these words: "The description of the animal alleged in the indictment to have been stolen must be supported by the proof, and if you do not believe from the evidence that the animal killed by the defendant was of the age of one year or thereabouts, and such as are usually designated as yearlings, and that it also corresponded in color, mark, and brand, you will acquit."

The instruction as given (above quoted) was erroneous, and the court also erred in overruling the above special instruction asked by defendant, which was the law upon that feature of the case. As developed by the evidence, there was a fatal variance between the allegations in the indictment and the proof, in more respects than one. Take the color of the animal. In the indictment the animal is described as "one certain white, black, and speckled blue yearling." The proof that the animal killed was "of a white and black speckled color" does not, nor does the description given by the only other witness as to the color, "that he had a white and red and sort of frosty-colored heifer," correspond with the description given in the indictment. *Hill* v. *The State*, 41 Texas, 257.

" It was unnecessary to use such minuteness of description in the indictment, but it is said that no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can never be rejected as surplusage." *Hill* v. *The State,* 41 Texas, 257 ; *Warrington* v. *The State,* 1 Texas Ct. App. 172, and authorities cited.

And Mr. Bishop says : " Wherever there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." 1 Bishop's Cr. Proc., sec. 485. Mr. Greenleaf says : " Where a person or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all the circumstances of the description must be proved, for they are all made essential to the identity." 1 Greenl. on Ev., sec. 65. Mr. Wharton says : "An allegation in an indictment which describes, defines, or limits a matter material to be charged is a descriptive averment and must be proved as laid." 1 Whart. Cr. Law, sec. 629.

Another fatal variance between the proof and the allegation in the indictment is that in the one the animal is described as " a yearling," whilst in the other it is described as " a three-year-old ;" and the rules of law above quoted apply with equal force to this character of description and identity as to that of color.

The court erred in overruling defendant's motion for a new trial, for the reasons already stated.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*