## MATT SCOTT *v.* COMMONWEALTH.

**Criminal Law—Continuance.**

Where on the day set for trial of a criminal case, the defendant files his affidavit for a continuance, stating that certain persons residing in the county were important witnesses for him, and the facts he expected to prove by them, and such facts are material ones, such cause should be continued unless there was such want of diligence on his part as to deprive him of the right.

**Waiver of Right to Ask Continuance.**

The fact that a criminal cause is set for trial on a certain day by consent of the defendant does not amount to a waiver on his part of his right to apply for a continuance.

**Practice.**

In the trial of a criminal cause the defendant has the right through his attorney to state the nature of his defense and the evidence he intends to offer to sustain it, and in doing so he may be permitted to refer to the evidence of the prosecution, and explain how he expects to overcome it; but he may not comment upon the evidence of the prosecution further than is necessary to enable the jury to understand what parts of it are to be assailed by his evidence.

**Failure of Proof.**

Where the indictment charges the accused with having feloniously taken "two dollars in greenback currency" from the prosecuting witness, the proof must show that the money taken was greenback currency, and where the evidence does not show this the accused should be acquitted.

### APPEAL FROM BOYD CRIMINAL COURT.

#### February 28, 1878.

OPINION BY JUDGE COFER:

The indictment against the appellant was returned into court December 13, and on that day he was brought into court, and by consent the cause was set for trial on the seventh day of the term. On that day the appellant filed his own affidavit stating that certain persons residing in the county were important witnesses for him, and asking that the cause be continued. The facts he expected to prove are clearly material to the defense, and the cause should have been continued unless there was such want of diligence on his part as to deprive him of the right.

He stated in the affidavit that he had caused a subpœna to be issued on the 12th of December, and that it had been returned not executed, but whether returned before or after the day on which the indictment was returned into court does not appear. It was certainly ordinary diligence to issue a subpœna before indictment, and nothing else appearing except that the witnesses resided in the county and a subpœna for them returned "not found" or unexecuted, the court should have continued the cause.

The fact that the cause was set by consent for the seventh day of the term was not a waiver of the right, then, to apply for a continuance. If it had appeared that at the time of consenting to set the case for the seventh day, appellant knew that he could not be ready for trial on that day, there would have been plausibility in contending that he was precluded, by his consent, from moving for a continuance. But from aught appearing in the record the appellant and

his counsel may each have acted in the best faith with the court, and may have intended to try the case on the day named.

The witnesses for whom the continuance was asked resided in the county, and it was not unreasonable to expect that the subpœna already issued would be executed.

The appellant being in custody when the indictment was found, the court had power to postpone the trial until the next term, or to order it to take place at a time during that term to be fixed by the court. Sec. 185, Criminal Code. Until the court made an order fixing a day for the trial, the prosecution did not stand for trial, and consequently the case was not called for trial within the meaning of Sec. 188, until the seventh day of the term, and then the court had power and it was its duty to continue the cause upon grounds being made out. The Code should not be construed so as to put it out of the power of the court to continue a prosecution at the instance of the defendant, at any time when it was made manifest to the court that the substantial interests of the defendant required it. The trial may be continued at the instance of the defendant, for sufficient cause, after the jury has been sworn, and a fortiori at any time before that.

The bill of exceptions shows that at the close of the evidence offered by the commonwealth the defendant's attorney desired to state the nature of the defendant's case by stating the evidence he intended to offer to contradict the prosecuting witness, and to state that part of the evidence of the witness he expected to contradict; but upon objection being made by the attorney for the commonwealth, the court refused to allow the attorney for the defendant to point out to the jury the particular statements of the witness expected to be contradicted, and stated to the attorney that he must in his statement confine himself to a statement of the facts he expected to prove, the nature of the defense, and the law and evidence relied upon in support of it, and not argue the testimony of the prosecuting witness.

Section 222 of the Criminal Code provides that at the close of the commonwealth's evidence, "the defendant or his attorney may then state the nature of his defense, and the law and evidence upon which he relies to support it." This practice, if not altogether new in this state, did not exist under the former Code, and it will no doubt be found more or less difficult at all times to define the exact limit of this privilege, and to prevent its abuse.

The object, no doubt, is to allow counsel to make such statements

as will enable the jury to understand in advance the points to which evidence will be addressed, that they may the more readily discover the applicability of each part of the evidence, as it is detailed to them by the witnesses. Such being the purpose for which the statement is allowed, it would seem to follow that counsel should be allowed to make such reference to the evidence adduced by the commonwealth as will enable the jury to see the design of the evidence offered for the defense. And while we do not undertake to lay down general rules applicable to all cases, we think the court should have allowed the counsel to state so much of Bradden's evidence as he expected to contradict. But counsel had no right at that stage of the proceeding to offer comments upon the evidence further than was necessary to enable the jury to understand what parts of it would be assailed by evidence, and the evidence with which it was expected to assail it. An argument to prove the statements sworn to by a commonwealth witness to be untrue was not proper at that time. The action of the court on this part of the case may, in one particular, have been at variance with these views; but we should not reverse for that error if there was no other in the record, for we do not regard it as prejudicial to the substantial rights of the appellant, and such questions must be left, unless there is palpable abuse of discretion, to the control of the court trying the case.

The indictment charged that the appellant did feloniously take two dollars in green-back currency from the person of J. T. Bradden by force and putting him in fear of some immediate injury to his person. The prosecuting witness swore that the appellant knocked him down, beat him with a stone and demanded his money, and that he handed him his purse containing two dollars. He said that earlier in the day he had four one-dollar bills, that he had expended some of it, but how much he did not state, and neither he nor any other witness stated what kind of money he had, or what kind of bills the four dollars or any of them was.

There was therefore no evidence that the money proved to have been taken was "greenback currency," and the appellant's counsel moved the court in instruct the jury to find him not guilty, but the motion was overruled. The court then instructed in substance that, unless the jury believed from the evidence beyond a reasonable doubt that the appellant robbed the prosecutor of two dollars in greenback currency, they should acquit.

There being no evidence conducing to prove that the money charged to have been taken was such currency, the instruction was

misleading, and should not have been given, but if it was not nec‑ essary to prove the taking of the kind of money charged that appel‑ lant was not prejudiced by the instruction.

In *Clark v. Commonwealth,* 16 B. Mon. 206, this court said: "So where a person or thing necessary to be mentioned in an indictment is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved, otherwise it would not appear that the person or thing is the same described in the in‑ dictment," and the court in that case cited with approval a case in 15 Maine 476, in which, "On an indictment for stealing a pine log, marked with a particular mark, it was held that the mark must be proved as alleged, and the description could not be rejected as sur‑ plusage." (State v. Noble, 15 Me. 476.) Other cases to the same effect were cited.

Tested by this rule the court erred in not instructing as asked by defendant's counsel. Whether it was necessary to give any descrip‑ tion of the bills or money alleged to have been taken, it is unneces‑ sary to decide. It is sufficient that the thing taken was charged to be two dollars in "greenback currency." It was necessary to identify the offense charged with that proven, that it should have been proved by some sort of evidence that the cuurrency taken was greenback currency.

For the errors indicated the judgment is *reversed* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*R. C. Burns, for appellant. Moss, for appellee.*