### Sam McGee v. The State.

1. INDICTMENT — EVIDENCE. — Though descriptive averments be unnecessarily minute, they must be proved as made.
2. SAME — VARIANCE. — Information charged theft of a pair of "buckskin gloves." By the evidence the gloves were described as *sheepskin gloves.* *Held,* a fatal variance between the allegation and the proof.

APPEAL from the County Court of Smith. Tried below before the Hon. G. W. SMITH.

*G. W. & Horace Chilton,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The description given of the property, in both the information and the affidavit upon which it is based, is "one certain pair of buckskin gloves." The evidence describes them as *sheepskin* gloves.

The rule of law is, as stated by Mr. Greenleaf, that "when a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved; for they are all made essential to the identity." Thus, says the writer, by way of illustrating the application of the rule, "in an indictment for stealing a *black* horse, the animal is necessarily mentioned, but the color need not be stated; yet, if it is stated, it is made descriptive of the particular animal stolen, and a variance in the proof of color is fatal." 1 Greenl. on Ev., sec. 65.

VOL. IV. — 40

The rule laid down by Mr. Greenleaf, as above, is quoted in the opinion of the Supreme Court in *Hill* v. *The State*, 41 Texas, 253, where it was said by the court: "This rule is substantially recognized in the decision of the court." In that case it was said that the indictment describes the hides by giving color, brands, and in some cases the locality of the brand; and the evidence not only fails to come up to the same minuteness of description as to most of the hides, but may be correctly said to vary from that description." The same rule was recognized by this court in *Rose* v. *The State*, 1 Texas Ct. App. 400; *Courtney* v. *The State*, 3 Texas Ct. App. 259, and in *Sweat* v. *The State*, at the present term, *ante*, 617. The case of Sweat will be easily distinguished from the present case, yet the same rule is there recognized as binding upon this court.

Because there is a material variance between the description of the property and the evidence adduced, the judgment must be reversed. The description given in the indictment, though unnecessarily minute, being descriptive of, and made necessary to, the identity — as, buckskin gloves — the charge is not sustained by proof of the theft of sheep-skin gloves; the variance is fatal to the conviction. The judgment is reversed, and the cause is remanded for such further proceedings as the law will warrant.

*Remanded.*