## HENRY ALLEN v. THE STATE.

CATTLE-BRANDS — VARIANCE. — Indictment for theft of a branded animal need not allege or describe its brand; but, when alleged as descriptive of the animal, the proof must correspond with the allegation, and a variance between the allegation and the proof is material and vitiates a conviction.

APPEAL from the District Court of Fayette. Tried below before the Hon. L. W. MOORE.

Appellant was found guilty of the theft of a heifer belonging to one Andy Foster, and his punishment was assessed at five years in the penitentiary.

The brand as delineated in the indictment was an encircled cross, and this was found to be the brand of Andy Foster. But the brand found upon the animal treated of by the witnesses lacked the upper arm of the cross, and was similar in this respect to one or two other brands recorded in the county.

*Phelps & Haidusek*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   The allegation of the indictment as to the brand upon the stolen animal and the brand proven upon the hide of the animal found in defendant's possession did not correspond, and the variance was fatal.   It is unnecessary that the brand should be averred in the indictment as part of the descriptive identity of a stolen animal, but when so averred it must, like any other descriptive matter of identity, be strictly proven as alleged.   *Warrington* v. *The State*, 1 Texas Ct. App. 168 ; *Ranjel* v. *The State*, 1 Texas Ct. App. 461 ; *Rose* v. *The State*, 1 Texas Ct. App. 401 ; *Hill* v. *The State*, 41 Texas, 257.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*