## Jack Blunt v. The State.

1. Evidence — Practice. — To show animosity in the prosecuting witness towards the accused, counsel for the defence asked the witness, "Don't you love the defendant?" and the court below refused to compel an answer. *Held,* that, notwithstanding the great latitude allowable in cross-examination, the question was not a proper one, and the action of the court was not erroneous. See the opinion *in extenso* on the scope of a cross-examination to show bias or *animus.*

2. Charge of the court instructed the jury to acquit unless they were convinced of the defendant's guilt "beyond absolute certainty." *Held,* that the instruction, though erroneous, was not to the prejudice of the defendant.

3. Hog-Theft — Jurisdiction — Evidence. — Inasmuch as the County Courts have no jurisdiction to try accusations of the theft of hogs worth $20 or more, the question of value is one of jurisdiction in cases of hog-theft pending in those courts. Proof, therefore, that the value was less than $20 is necessary to warrant or sustain their judgments of conviction in such cases.

Appeal from the County Court of Brazos. Tried below before the Hon. D. C. Barmore, County Judge.

*A. C. Brietz,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

White, P. J. The indictment charges appellant and two others jointly with the theft of a certain hog, the property of Matt Hughes, and of the value of $8. The commission of the offence is fixed on the seventeenth day of January, 1878.

On the trial, as stated in the bill of exceptions, the counsel for the defence, with a view of showing the *animus* and ill-feeling of the prosecuting witness towards the defendant, asked him the question, " Don't you love the defendant?" which the witness refused to answer, and the court declined to interfere and require him to answer. A witness may be impeached by showing his bias. " For this purpose it is admissible to prove near relationship, sympathy, hos-

tilities as evidenced by a quarrel, and prejudice as to the particular case, so far as is exhibited by declarations and acts." 1 Whart. on Ev., sects. 561, 566. " It is not irrelevant on cross-examination to inquire of the witness for the prosecution whether he has not expressed feelings of hostility towards the prisoner." 1 Greenl. on Ev., sect. 450. And, in general, it is the right of the defendant to show bias on behalf of the witness if he can. 42 Conn. 77. " Great latitude is allowed in the questions which a party is permitted and entitled to ask on cross-examination ; and he will seldom be stopped by the court unless the question be manifestly irrelevant to the case, and calculated neither to qualify the examination in chief nor to impeach the credit of the witness. * * * Generally, on cross-examination, a witness may be asked any question the answer to which may have a tendency to affect his credit. But he will not always be obliged to answer such questions ; and, generally, he may be asked questions which affect his veracity or his memory : such as whether he has been convicted on a trial on a criminal charge ; whether he is a relative or intimate friend, or under any special obligation to the party who calls him ; whether he be not identified or connected with him in interest ; whether he has not been on terms of enmity with the adverse party ; whether his memory is not defective generally, or as to the particular transaction. Such questions are within the circumference of the issue, although not within that inner circle to which the examination in chief is confined. When the cross-examination is rambling, prolix, or irrelevant, the court may and will properly interfere to stop it." Heard's Cr. Law, 214, 215.

We do not think the question, " Don't you love the defendant?" was the proper question to put to a witness in order to show his hostility or enmity. And where it was just as easy to ask a proper question, and one directly pertinent, we cannot say that the court erred in refusing to permit the one asked, especially when the witness declined to answer it, because improper and impertinent.

The portion of the charge of the court mainly objected to was in this language: "To warrant a conviction on circumstantial evidence, the circumstances, taken together, must be such as to produce upon the minds of the jury, beyond absolute certainty, that the defendant stole the property alleged." Though erroneous, in that it required the jury to find an impossibility, yet we cannot see how the defendant can, under the circumstances, complain; because it must be evident that before the jury could possibly have arrived at the verge of the impossible, as indicated, moral certainty beyond a reasonable doubt would have been passed, and before that they must have found the defendant innocent, had such been the case. Absolute certainty is scarcely attainable in proof of human transactions, and is not expected or required; moral certainty beyond a reasonable doubt is the extent to which the law demands that proof should go in the establishment of a fact. *Irvin* v. *The State*, 7 Texas Ct. App. 109.

We are of opinion, however, that the third ground of the motion for new trial was well taken, wherein it is claimed that "the evidence adduced is insufficient in law to support the judgment of conviction." Under the act of May 17, 1873 (Gen. Laws 13th Leg., p. 80), which was the statute upon which the prosecution was instituted, the offence is made a felony, it is true, even where the value of the hog stolen was under $20. But under that statute it was essential both to allege and prove the value, in order properly to graduate the punishment. Under the law in force at the trial, the offence and the punishment for theft of hogs under the value of $20 had been still further ameliorated, and the grade of the offence had been reduced, in fact, from a felony to a misdemeanor, which rendered necessary also a change even in the forum of trial. The jurisdiction of the tribunal, as well as the grade of crime and punishment, became doubly dependent upon the question of value of the property stolen. It was part of the descriptive identity of the

offence, and should have been proven. *Hill* v. *The State,* 41 Texas, 253 ; *Warrington* v. *The State,* 1 Texas Ct. App. 168 ; *Rose* v. *The State,* 1 Texas Ct. App. 400 ; *Watson* v. *The State,* 5 Texas Ct. App. 12.

Nowhere is the value of the hog stolen proven by the prosecution. The rule would have been different had the subject of the theft been cattle. For, under the act of 1873 (p. 80), the stealing of cattle is made a felony irrespective of value, and consequently in such cases it would be unnecessary to prove value. *Davis* v. *The State,* 40 Texas, 134.

Because the evidence was insufficient, in that the value of the stolen animal was not proven, and on account of which the motion for new trial should have been granted, the judgment is reversed and a new trial awarded.

*Reversed and remanded.*