## G. A. MAPES v. THE STATE.

COURT OF APPEALS, TYLER TERM, 1882.

*Practice—Final judgment in felony cases—Judgment nunc pro tunc—Defendant's presence necessary.*—Entry of a final judgment, *nunc pro tunc*, in a prosecution for a felony, in the absence of the defendant, was unwarranted by law and absolutely void, and such proceeding does not constitute such a final judgment against the defendant from which an appeal can lie.

Appeal from Live Oak county—Opinion by Willson, J.—At the March term, 1882, of the District Court for Live Oak county, the defendant was convicted of theft of cattle, and his punishment assessed at confinement in the penitentiary for the term of five years. He appealed from said conviction to this court, and at the last Austin term of this court his appeal was dismissed, upon motion of the Assistant Attorney-General, because it did not appear from the record that a final judgment upon the conviction had been entered.

On the twenty-third day of August, 1882, the district attorney caused a written notice to be served upon defendant, notifying him that application would be made, at the September term, 1882, of the district court for Live Oak county, to enter up the final judgment in the cause.

At the September term, 1882, of said court the district attorney filed a written motion asking the court to enter a final judgment in said cause, *nunc pro tunc*, which motion was granted, and the judgment entered as of the March term, 1882, of the court.

The defendant was not present in person when this motion was acted upon and the judgment *nunc pro tunc* entered. He was con-

fined at the time in the jail of Bexar county.  His counsel appeared
when the motion was called and demanded that the defendant
should be present upon the hearing of the motion, and it appears
also that the defendant had previously notified the district attorney
that he desired to be present when this motion was heard.  The
court refused to have the defendant brought before the court, but
proceeded to hear and determine the motion in his absence, to
which proceeding the defendant, by his counsel, excepted, and
saved his exceptions by bill.

Our Code of Criminal Procedure provides that " In all prosecu-
tions for felonies, the defendant must be personally present at the
trial." (Article 596.)  It is also further provided, specially, that
the defendant in every case of felony shall be present when either
of the following proceedings are had, viz.:

1.  When the jury wish to communicate with the court.

2.  When the jury ask further instructions of the judge touch-
ing any matter of law, and when the court gives such instructions;
and,

3.  When a witness is recalled and re-examined at the request of
the jury.   (C. C. P., arts. 698, 697, 696, 695.)

Article 720, Code of Criminal Procedure, provides that " In every
case of acquittal or conviction, judgment shall be entered immedi-
ately;" and article 791 prescribes the requisites of this judgment in
felony cases.

Article 797 provides that " When, from any cause whatever,
there is a failure to enter judgment and pronounce sentence upon
conviction during the term, the judgment may be entered and sen-
tenced pronounced at any succeeding term of the court," etc.

The sentence follows this judgment, and cannot properly be pro-
nounced until after the judgment has been entered; and the sen-
tence must be pronounced in presence of the defendant.   (C. C. P.,
792–793.)

There is no provision of the Code which, in express terms, requires
the presence of the defendant in court when the judgment is en-
tered.

In misdemeanor cases we find the following provision:  " The
judgment, in cases of misdemeanor, may be rendered in the absence
of the defendant." (C. C. P., 804.)  This, we think, excludes the
idea that it may be done in a felony case, and is equivalent to an
express provision requiring the presence of the defendant in a felony
case when the judgment is rendered.

We have cited, we believe, all the provisions of our Code which relate to the question under consideration. We will now refer to such decisions of our Supreme Court, and of this court, as have treated of this subject.

In Brown v. The State, 38 Texas, 485, it is said: "The accused should not only be within the walls of the court house, but he should be present where the trial is conducted, that he may see and be seen, hear and be heard, under such regulations as the law has established."

In Gibson v. The State, 3 Court of Appeals, 437, it was held that the defendant in a felony case must be present in court upon the hearing and determination of his motion for a new trial, and it appearing affirmatively in that case that he was absent, the judgment was, for that cause, reversed. In the opinion in that case, by Judge White, the authorities bearing upon the subject are thoroughly reviewed in connection with the provisions of our Code. The doctrine of this case is reaffirmed in Beckley v. The State, 4 Court of Appeals, 122; Krants v. The State, Id., 534; Gracie v. The State, 5 Court of Appeals, 237; Sweat v. The State, 4 Court of Appeals, 617.

It has been held in two cases, that in a capital case, it was not necessary that the defendant should be present in court at the drawing of the special venire. (Pocket v. The State, 5 Ct. App., 552; Cordova v. The State, 6 Ct. App., 617.)

In Rothschild v. The State, 7 Ct. App., 519, it was held, that an application for a change of venue, and the hearing thereof, are proceedings preliminary to the trial and not part of the trial itself, and that it was not, therefore, necessary that the defendant should be personally present when the same was heard and determined, but that the better practice is to have the defendant personally present whenever any proceeding, however trivial, is had in the case.

We deduce from these decisions that it is an improper practice to take any step, or have any proceeding, however trivial, informal, or unimportant it may appear to be, when the defendant is not present, and that it is material error, which will render the proceedings absolutely void, when such proceeding is had during the trial of the case in the absence of the defendant. Does the *trial* embrace the final *judgment?* We think so, unquestionably. The trial has not terminated until the final judgment has been entered and the sentence pronounced. (Hill v. The State, 41 Texas, 255; Gibson v. The State, 3 Ct. App., 437.) When was the final judgment entered

in this case? It certainly was not entered at the term of the court when the conviction was had, as was decided on a former appeal of this case to this court. The trial of the case, therefore, was not ended at that term. Can we hold that the entry of the judgment *nunc pro tunc,* at a subsequent term of the court, in the absence of the defendant, is a final judgment? If it is a final judgment, is it not a part of the trial; and if a part of the trial, must not the defendant be present when it is rendered? If there was before no final judgment, there could be no valid sentence, and there could be no valid sentence following upon the *nunc pro tunc* judgment, for the reason that the defendant was not present to receive the sentence. It was not only necessary to have a final judgment properly entered against the defendant, but it is also necessary to follow this judgment with the sentence of the law, which could not be done until there was a valid judgment. We can find no authority in the law for entering any judgment in a felony case in the absence of the defendant. The defendant is guaranteed the right of appeal from the final judgment entered against him. How can he avail himself of the right unless he is present in open court when the judgment is rendered? He may have good reasons to show why the sentence of the law shall not be pronounced against him, or he might have good reason to show to the court why the judgment should not be entered against him *nunc pro tunc,* but he cannot avail himself of these legal rights when he is not allowed to be present in court. He cannot appeal to this court except from a valid final judgment, and when such judgment is entered *nunc pro tunc,* then the defendant has the right to appeal therefrom to this court. (Smith v. The State, 1 Ct. App., 408 and authorities there cited.)

We conclude that the proceedings in this case, attempting to enter a final judgment *nunc pro tunc* in the absence of the defendant, were unwarranted by law and are absolutely void, and that there has not yet been any final judgment entered in this case against this defendant from which he can appeal to this court, and that this appeal must be dismissed. It is certainly a very great hardship upon the defendant that, without fault on his part, he must be still denied a hearing upon the merits of his case before the court of last resort. But we cannot bend the rules of law to the relief of unfortunate defendants. The principle upon which we dismiss his appeal is one too vital to the rights of the citizen to be disregarded in any case.

The counsel of defendant, in their brief, say in respect to the question we have decided, that unless its materialty is such as to reverse the case, the defendant waives the point, if he can do so, as he does not want the case sent back for sentence to be passed, but prefers that the case be decided upon its merits. We are of the opinion that this waiver cannot be entertained by us, for two reasons:

1. Because this court has no jurisdiction of the case until there has been a final judgment entered, and consent of parties cannot confer jurisdiction; and,

2. Because if the error be such an one as could be cured by the waiver of the defendant, the waiver would have to be made by himself, and not by his counsel. The appeal is dismissed.