[Filed March 25, 1885.]

## THE STATE OF OREGON v. R. D. HUME.

CRIMINAL LAW—INDICTMENT—HIGHWAY.—In an indictment for obstructing a highway, it is not necessary to set out the *termini*. It is sufficient to set out in a compendious way that it is a highway. *Aliter* in pleading a private way.

ID.—TERMINI.—If the *termini* be stated, they must ordinarily be proved. But when a local description, sufficient to fix the precise point of obstruction, is given as well as the *termini*, the latter may be disregarded on proof of a highway at the place of obstruction.

CURRY COUNTY.   Defendant appeals.   Affirmed.

*William R. Willis*, for Appellant.

This indictment is for obstructing a public highway running from the southern boundary of Curry County to Port Orford, and defendant cannot be convicted for obstructing a strip of land in front of the town of Ellensburg, set apart by the owner for public use. (Angell Highways, § 276; *Rex.* v. *St. Weonards*, 6 Car. & P. 582; *State* v. *Purify*, 86 N. C. 681; *White* v. *Bradley*, 66 Me. 254–260.)

*J. W. Hamilton, District Attorney*, and *J. M. Siglin*, for Respondent.

WALDO, C. J.—There is a difference between pleading a public and private way. In the former case it is not necessary to set out the *termini;* in the latter, both must be set out with certainty. (Taunton, J., in *Simpson* v *Lewthwaite*, 3 Barn. & Adol. 226.) In pleading a highway it is sufficient to set forth in a compendious way that it is a highway, without setting

forth when it became a highway. (*Aspindall* v. *Brown*, 3 Term Rep. 266.) But if the *termini* be stated, they must be proved, because they become descriptive of the identity of the highway described. (*State* v. *Noble*, 15 Me. 476; *Hill* v. *State*, 41 Tex. 253; *Rex.* v. *Inhabitants of St. Weonards*, 6 Car. & P. 582.) " When, however, a local description sufficient to identify and fix the precise point of obstruction is given, as well as the *termini*, the latter may be disregarded, and proof that a road existed at the place of obstruction is alone necessary." (*Lewiston* v. *Proctor*, 27 Ill. 419; *Dimon* v. *People*, 17 Ill. 421; *Houston* v. *People*, 63 Ill. 186.)

The indictment in this case contains such a local description in the allegation "that there is a strip of land lying in front of said town of Ellensburg, as appears from a plat of said town recorded in the office of the county clerk of said Curry County, and along the navigable waters of Rogue River, which forms a part of said highway, and which said strip of land lying in front of said town, and along the navigable waters of Rogue River as aforesaid, now is, and for more than twenty years prior to said 1st day of May, A. D. 1874, had been, a public high-way and public landing, over which all persons had been accustomed to pass and repass at pleasure; that on the 1st day of May, 1884, in the county aforesaid, the said R. D. Hume did wrongfully obstruct the public highway aforesaid, where the same passed in front of the town of Ellensburg aforesaid, and along the navigable waters of said Rogue River as aforesaid, by then and there erecting," etc.

No exceptions were taken to any charge of the court on any issue on the material part of the indictment. The errors that intervened, if any they were, were wholly immaterial to the issue. The judgment must be affirmed.