## Case No. 14,666.

### UNITED STATES v. BROWN.

[3 McLean, 233.] [1]

Circuit Court, D. Ohio. July Term, 1843.

INDICTMENT—RULES OF PLEADING—PROOF—SURPLUSAGE—LARCENY FROM MAILS.

1. The rules of pleading are the same in civil and criminal cases.

2. Where the prosecutor states the offence with greater particularity than he is bound to do, the proof must correspond with the averments.
[Cited in U. S. v. Thomas, Case No. 16,473; U. S. v. Goodwin, 20 Fed. 240.]
[Cited in brief in Com. v. Dale, 144 Mass. 363, 11 N. E. 536. Cited in Schayer v. People (Colo. App.) 37 Pac. 44; U. S. v. Fuller (N. M.) 20 Pac. 179.]

3. That cannot be regarded as surplusage, which is connected with the offence.
[Cited in brief in Commonwealth v. Perry (Mass.) 11 N. E. 538; Com. v. Tolliver, 8 Gray, 386.]

The District Attorney, for plaintiff.
Mr. Stanton and Mr. Collier, for defendant.

OPINION OF THE COURT. The defendant, being a post-master, was indicted for stealing a letter from the mail directed to Daniel Kilgore, Cadiz, Ohio, which contained certain bank notes, the property of a person named, of the value of, &c. which letter came into the possession of the defendant as post-master, &c. On the part of the prosecution witnesses were examined to prove the mailing of the letter, at Columbus, in this state, directed to Cadiz, containing various bank notes, which letter was forwarded in the mail, but was never received. That the defendant was post-master on the route the letter was sent, and within a few miles of Cadiz. Also to prove, that a part of the notes lost were found in possession of the defendant. The defendant failed to show how he came into the possession of the money, although an attempt was made to do so. He proved a good character, &c. Certain points being made, the court instructed the jury that the embezzlement of the letter was the gist of the offence, and that the money it contained, which was taken, was an aggravation of the act. That it was not necessary to describe the notes particularly, or to state whose property they were. But where such description is given, and the property is averred to be in a particular individual, both must be proved as laid. The rules of pleading are the same in civil as in criminal actions. In Jerome v. Whitney, 7 Johns. 321, the court held that if the plaintiff in his declaration on a note for value received, instead of stating generally that it was given for value received, sets forth specially in what the value received consisted, he is bound to prove the particular value according to the averment, and the general acknowledgment of value in the

note is not sufficient to support the declaration. So in 3 Day, 283, it was held, that where in an indictment for stopping the mail, the contract of the carrier of the mail with the post office department, was set out, it must be proved. And where an indictment for burglary in the house of J. D. with intent to steal the goods of J. W. it appearing that J. W. had no property there, it was held material to state truly in whom the property of the goods was. In 1 Chit. Pl. 263, it is said, if however the matter unnecessarily stated be wholly foreign and irrelevant to the cause, so that no allegation whatever on the subject was necessary, it will be rejected as surplusage. If the prosecutor choose to state the offence with greater particularity than is required by the statute, he will be bound by the statement, and must prove it as laid. Rex v. Dawlin, 5 Term R. 311. If the averments be mere facts disconnected with the offence, they need not be proved.

Jury found a verdict of not guilty.