State *v.* Jackson.

the width of plaintiff's part at the river, but not in the rear. The width at the river being thus fixed, his part extended of that width throughout, between parallel lines, regardless whether the other part grew narrower or wider.

*Ingalls,* for defendant.

STATE *versus* DANA JACKSON.

Where an indictment for larceny contains any particulars descriptive of the property stolen, though not necessary to be inserted, they must be proved on the trial.

INDICTMENT, for feloneously taking and carrying away a black gelding horse.

On the trial in the District Court, before RICE, J., the government introduced no evidence, that the horse, testified to as having been stolen, was a gelding. One of the witnesses testified, that the horse taken by the accused was black, and two others, that he was not black, excepting his extremities, that the body was a dark brown; another witness testified that the horse was one he should call black, although the color of the body then had become somewhat brown by exposure in the pastures.

On this evidence the defendant's counsel requested the Court to instruct the jury, that the horse, for taking which defendant was indicted, being described as a black gelding horse, such description became material, and that it was incumbent on the government, in order to sustain the indictment, to prove affirmatively, that the horse testified to, as being taken by the accused, was a gelding horse, and that as there was no such proof, the indictment was not sustained.

Rowell *v.* Small.

The Court declined so to instruct, but said to the jury that, if they were satisfied, from all the evidence in the case, that the horse described by the witness, as being stolen by the accused, was the same horse alleged in the indictment to have been stolen, it was sufficient to sustain the indictment. Thereupon the jury rendered a verdict of guilty, and exceptions were filed to the instructions.

*Gould*, for the prisoner.

Matter descriptive of the thing stolen, in an indictment for larceny, though it be an unnecessary allegation, must be *strictly proved.* 3 Stark. Ev. 1530, 1542 ; 1 *ib.* 387 ; Greenl. Ev. 73, 74, 76 ; 2 Campbell, 134, 140 ; 7 Greenl. 132 ; 12 Maine, 368, 369 ; 3 Chitty's Crim. Law, 974 ; 4 Black. Com. 240.

It is not sufficient that the "jury were satisfied from all the evidence in the case, that the horse was the same, as was alleged to have been taken," in the absence of proof that the horse was a *gelding.* The allegation cannot be deemed surplusage. 15 Maine, 446.

*Tallman,* Attorney General, for the State.

WELLS, J. orally. — The rule in criminal trials is, that all material allegations in the indictment must be proved. The color and kind of animal alleged to be stolen, are made material by being set out in the indictment. Whether it was necessary to make such allegations, is not the question before us, but there is no doubt that, if found in the indictment, they must be proved. The principle in this State has been already settled in *State* v. *Noble,* 15 Maine, 446.

*Exceptions sustained and new trial granted.*