## Case No. 15,157.

### UNITED STATES v. FOYE.

[1 Curt. 364.] [1]

Circuit Court, D. Massachusetts. May Term, 1853.

LARCENY FROM MAIL—LETTER—BANK NOTE—INDICTMENT.

1. Evidence that the prisoner uttered as genuine, what purported on its face to be a bank-note, is competent proof that it was a bank-note, though it is not otherwise shown such a bank existed.

[Cited in State v. Brown, 4 R. I. 535.]

2. A letter, containing money, deposited in the mail, for the purpose of ascertaining whether its contents were stolen on a particular route, and actually sent on a post route, is a letter intended to be sent by post within the meaning of the post-office act (4 Stat. 102).

[Cited in U. S. v. Rapp. 30 Fed. 822. Distinguished in U. S. v Matthews, 35 Fed. 895. Cited in U. S. v. Wight, 38 Fed. 109; U. S. v. Bethea. 44 Fed. 803; U. S. v. Grimm, 50 Fed. 531.]

3. The description of the termini, between which the letter was intended to be sent by post, cannot be rejected as surplusage, but must be proved as laid.

[Distinguished in U. S. v. Okie. Case No. 15,-916. Cited in U. S. v. Thomas, Id. 16,473; Walster v. U. S., 42 Fed. 893.]

4. It is necessary, in an indictment for larceny from a letter under the 21st section of the act, to lay the property stolen on some person other than the prisoner.

[Cited in U. S. v. Laws, Case No. 15,579.]

[This was an indictment against Mark W. Foye for larceny from the mail.]

CURTIS, Circuit Justice. The prisoner, being a mail carrier, was indicted for stealing a bank-note from a letter deposited in the mail of the United States, and intended to be conveyed by post. Having been found guilty by the jury, he has moved for a new trial, and in arrest of judgment. The first cause assigned for a new trial, is, that the defendant, not having been sworn, was not liable to be convicted as a mail carrier, under the 21st section of the act of March 3, 1825 (4 Stat. 102). This cause is not sufficient. The third section of the act expressly subjects persons employed in the conveyance of the mails to all pains, penalties, and forfeitures, for violating the injunctions of this act, though not sworn. The 21st section, by inflicting a penalty on the act charged in the indictment, must be considered as enjoining mail carriers not to commit that act; and consequently, if they do it,

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

they are subject to the penalty provided in the 21st section.

The second ground of the motion is, that the jury were erroneously instructed concerning certain evidence. The indictment charges that the letter contained "a certain bank-note, of the denomination of five dollars, purporting to be issued by the Casco Bank of Portland, in the state of Maine; the said bank-note being an article or evidence of value, viz.: of the value of five dollars." Evidence was offered by the government, tending to prove that the person who inclosed the note in the letter, received the bill as of the value of five dollars; that the defendant, after taking it from the letter, paid it to a creditor, in discharge of a debt of five dollars; and a broker, who was much accustomed to receive bills purporting to be issued by the Casco Bank, having examined this bill, testified that it was like the bills he was accustomed to receive and pay. The jury were instructed that, if they believed this evidence, it was competent for them to find this note was a bank-note of the value of five dollars. In this instruction, we think there was no error. The act of the defendant, in passing this note in payment of a debt of five dollars, was equivalent to an affirmance by him, that it was what it purported to be. It is a familiar rule, that the indorser of negotiable paper is estopped to deny the genuineness of all signatures which precede his own. And though this rule is not applicable to paper passing by delivery only, and the defendant was not estopped, as against the United States, from showing this was not a bank-note, yet we have no doubt his uttering it as genuine was evidence to go to the jury to prove it to be a bank-note, and of the value of five dollars; and if so, it would warrant, in point of law, in the absence of all other evidence, a finding to that effect.

The next cause assigned is, that the particular letter proved did not support the allegation in the indictment, which charges that one J. Pike Stickney deposited in the post-office at Georgetown a letter, addressed to John Blake, Ipswich, "which was intended to be conveyed by post, and was then and there mailed, to be conveyed in the mail of the United States, to the town of Ipswich aforesaid." The evidence showed that Stickney was the postmaster at Georgetown; that in consequence of the loss of money from the mail on that route, he agreed with the postmaster at Newburyport to deposit in the mail a letter, containing money, addressed to John Blake, Ipswich; if the letter should arrive safely at Newburyport, it was not to be sent on to Ipswich, but was to be returned to Stickney. In pursuance of this arrangement, this letter and money were sent, arrived safely at Newburyport, and were returned to Stickney, who, the next day, remailed the same letter, and the bag containing it was committed to the prisoner, who was the mail carrier between Georgetown and Newburyport. The letter was mailed precisely like other letters; that is to say, a bill was made out, containing the usual entries; this bill and the letter were inclosed in a wrapper, and the packet addressed to Ipswich, and deposited in the mail-bag, with other packets.

The first objection is, that this was not a letter intended to be conveyed by post, within the meaning of the act, and of the indictment. And the prisoner's counsel relies chiefly on the decision of the judges on a question reserved, in the case of Reg. v. Rathbone, 1 Cromp & M. 220. But we consider that case distinguishable from this. By 1 Vict. c. 36, § 47, it is enacted, that "post letter shall mean any letter or packet, transmitted by the post, under the authority of the postmaster-general." The prisoner was indicted for stealing a post-letter. It appeared that an inspector placed the letter which was stolen, among some other letters, which the prisoner, who was employed in the post-office, was to sort, and inclosed in it a sovereign, to try the prisoner's honesty, which was suspected. This letter the prisoner stole; and it was held not to be a post letter, within the meaning of the act; for though, in fact, the letter was in the post-office, it had not come there in the course of business, and so was not transmitted by post, under the authority of the postmaster-general. In the case at bar, the only material difference between the letter stolen, and any others in the same bag, was, that it was not intended to be sent to its address. But it was intended to be conveyed by post from Georgetown to Newburyport, and was regularly mailed for that purpose. We do not think the purpose of the writer, not to have the letter go to its apparent destination, affects its character, or prevents it from being a letter intended to be transmitted by post, or takes it out of the protection of the statute.

But a far more difficult question arises under the other part of the objection. The indictment alleges, not only that this letter was intended to be conveyed by post, but describes where it was to be conveyed; it fixes the termini as Georgetown and Ipswich. The allegation is, in substance, that the letter was intended to be conveyed by post from Georgetown to Ipswich. The question is, whether the words, from Georgetown to Ipswich, can be treated as surplusage. It was necessary to allege, that the letter was intended to be conveyed by post. The words, from Georgetown to Ipswich, are descriptive of this intent. They describe, more particularly, that intent which it was necessary to allege. In U. S. v. Howard [Case No. 15,403], Mr. Justice Story lays down the following rule, which we consider to be correct: "No allegation, whether it be necessary or unnecessary, whether it be

more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." Apply that rule to this case. It is legally essential to the charge to allege some intent to have the letter conveyed somewhere by post. Suppose the indictment had alleged an intent to have it conveyed between two places where no post-office existed, and over a route where no post-road was established by law. Inasmuch as the court must take notice of the laws establishing post-offices and post-roads, the indictment would then have been bad; because this necessary allegation would, on its face, have been false. Words, therefore, which describe the termini and the route, and thus show what in particular was intended, do identify the intent, and show it to be such an intent as was capable, in point of law, of existing.

And we are obliged to conclude that they cannot be treated as surplusage, and must be proved, substantially, as laid. We are of opinion, therefore, that there was a variance between the indictment and the proof; and that, for this cause, a new trial should be granted.