## T. WARRINGTON *v.* THE STATE.

1. THEFT BY FALSE PRETEXT.—Indictments for theft, based on the last clause of Article 748 of the Penal Code, should not only set out fully the false pretext, but also by direct averment negative its truth. Pasc. Dig., Art. 2385. *Similiter*, it seems, as to indictments under Article 773 *a* of the Penal Code, relating to swindling by false pretense, or device, or fraudulent representation. Pasc. Dig., Art. 2426.

2. VARIANCE—SURPLUSAGE.—Indictment for theft of a horse and buggy charged that accused hired them on the false pretext that he wanted them for the purpose of going "to look at land on Bray's bayou." The

evidence proved that the pretext was to go to "a place four miles in the country." *Held*, that the descriptive mention of Bray's bayou cannot be treated as surplusage, and that the variance between the allegation and the proof was material. Note the distinctions discussed in the opinion of the court.

3. SAME.—The evidence further proved that before the accused obtained possession of the property he was required to procure the recommendation of a third party. *Held*, that the court below did not err in refusing to instruct the jury to acquit the accused if they believed that he got the property on such recommendation, and without it could not have obtained possession of it.

APPEAL from the Criminal District Court of the county of Harris. Tried below before the Hon. GUSTAVE COOK.

The significance of the rulings in this case will probably be better appreciated by giving the material portions of the evidence adduced by the state on the trial below.

Capt. Chew, for the state, testified that the accused, a stranger, professed a knowledge of near relatives of the witness, and on this and other pretenses induced witness to recommend him to the owner of the horse and buggy, so that the latter would hire them to accused. To this witness the accused said he "desired to buy some land in Harris county, near Houston, and desired the horse and buggy to look at it."

R. B. Baer, owner of the horse and buggy, testified that on the 4th or 5th of July, 1874, the accused came to his stable in Houston with a horse, which horse the accused sold, and afterwards asked witness for a horse and buggy "to take his sweetheart out riding;" but on this occasion he did not take the horse and buggy. The next day he returned and said he wanted a horse and buggy to go to Capt. Chew's plantation or place. "I told him," proceeds the witness, "I had a double team and buggy, but no single buggy to hire at that time. He asked the price I would charge him, and I told him the price. He said it was too high, and went away. The next day he came again and renewed his request

for a horse and buggy. I told him I then had a single horse and buggy, which he agreed to take. He said he wanted it to go to Capt. Chew's place, about four miles in the country. But before I would let him have it I told him he must get a satisfactory reference from some person in the city who knew him, as I would not let a stranger have my horse and buggy. He went off, and came back with a note from Capt. Chew, upon which I let him have the horse and buggy. He said he would return that evening or the next day; but he did not return." Becoming suspicious, the witness telegraphed in various directions, and in a few days learned that the prisoner had passed through Richmond, in the county of Fort Bend, with the horse and buggy; and on this information witness telegraphed to Columbus, in Colorado county, and had the accused arrested, etc.

The indictment took no notice of the imposition practiced by accused upon Capt. Chew. The opinion indicates such other features of the case as are material.

No brief for the appellant.

*H. H. Boone*, Attorney General, for the State.

White, J. Appellant was indicted in the lower court for the theft of a horse and buggy from one R. B. Baer. The indictment was brought upon the latter clause of Article 2385, Paschal's Digest, which is as follows: "But if the taking, though originally lawful, was obtained by any false pretext, or with an intent to deprive the owner of the value thereof and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

The horse and buggy, in this case, were hired by Warrington, as alleged in the indictment, upon the false pretext "that he (defendant) wanted the horse and buggy for

the purpose of riding a short distance in the country to‧ look at some land on Bray's bayou."

The rules of pleading, under the Article above quoted (2385) and Article 2426, Paschal's Digest, in regard to‧ swindling, which is similar in character, are the same so far‧ as "the false pretext" in the one and "the false pretenses" in the other are concerned. In both the matter alleged to be false should be fully set out and described in the indict‑‑ ment. *The State* v. *Baggerly,* 21 Texas, 758. Not only so, but the indictment, to be good, must by positive aver- ment negative the existence of the facts or truth of the matters alleged to be false. See *Marada and Ortise* v. *The State,* Tyler term, January 25, 1876. "But though this is requisite, yet, to authorize the conviction, it is not neces- sary to prove all the pretenses laid in the indictment to be false, unless all are material to constitute the offense‧ charged." *The People* v. *Haynes,* 11 Wend. 557 ; *State* v. *Mills,* 17 Me. 211.

"But the rule that it is sufficient to prove any of the pretenses, if the property were obtained thereby, must be confined to those cases where such part is a separate and independent pretense." Roscoe on Cr. Ev. 473.

Following the above rule, the district attorney negatived the false pretext in this case by alleging that "he, the said Taylor Warrington, did not want said horse and buggy to ride a short distance in the country, and in truth and in fact said Warrington did not want said horse and buggy to ride out to look at land on Bray's bayou."

There were two instructions which defendant's counsel asked to be given to the jury, which were refused by the court. They were :

"1st. If the jury believe from the evidence that the‧ defendant did not obtain the property charged to have been‧ stolen upon the pretext alleged in the indictment, but obtained the same upon the recommendation of Capt. Chew,‧

and that he could not have procured it without such recommendation, then you will find for defendant.

" 2d. When the fraudulent pretext alleged in the indictment is to look at some land on Bray's bayou, then it is incumbent upon the state to prove such pretext as alleged in the indictment; and if in this case this has not been done, then you will find for defendant."

The judge indorsed his refusal in these words : " For the reason that I think the general charge covers the ground, and goes as far as the law warrants, I refuse the above charge." In the general charge the jury were instructed : " It is not necessary to prove the false pretext precisely as alleged, but substantially."

So far as the 1st charge asked as above by defendant is concerned, its refusal by the court was not error. The gist of the offense was the criminal intent of the defendant in procuring Baer to part with the possession of the horse and buggy, in order that the defendant might appropriate it to his own use ; and whether he accomplished his purpose by means of a recommendation from Capt. Chew, or not, does not affect the question of his guilt, but, under the circumstances developed in evidence, would tend rather to aggravate it.

We think, however, that the court erred in that portion of the charge above quoted, and, consequently, in refusing the 2d charge asked by defendant. The distinct, positive, substantive false pretext alleged and negatived in the indictment was that defendant wanted to go " a short distance in the country to look at land on Bray's bayou." If the pleader had so chosen, he might have left out the words " Bray's bayou," and the indictment would have been a good one. But, having alleged them, can they be treated as surplusage, and would the failure to make the proof in exact accordance with the allegation be such a variance as would not support a verdict and judgment of conviction?

Mr. Greenleaf defines variance to be " a disagreement. between the allegation and the proof in some matter which. in point of law is essential to the charge or claim." 1 Greenl. on Ev., sec. 63.

The distinction between variance and surplusage is laid down with great perspicuity by Mr. Justice Story in *The United States* v. *Howard*, 3 Sumn. 14, 15. He says : " Two· questions generally arise. The 1st is, what allegations must be proved and what may be disregarded in evidence ? The· 2d is, what is sufficient proof of allegations which cannot be disregarded in evidence ? The former includes the consideration of what constitutes mere surplusage in an indictment ; the latter, what constitutes variance. Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the· offense charged must be stated in the indictment, and they must be proved in evidence. But allegations not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage and may be disregarded in evidence. But no allegation, whether it be necessary or unnecessary, whether it be more· or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." 3 Sumn. 15.

In still other words, says Mr. Bishop, " wherever there· is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." 1 Bishop on Cr. Pro., sec. 485 ; and he cites. *United States* v. *Keen*, 1 McLean, 429 ; *The State* v. *Jackson*, 30 Me. 29 ; *United States* v. *Brown*, 3 McLean, 233 ; *United States* v. *Howard*, 3 Sumn. 12 ; *The State* v. *Noble*, 15 Me. 476 ; *Dick* v. *The State*, 30 Miss. 631.

In addition to these authorities, see *United States* v. *Foye*, 1 Curt. 364; *Commonwealth* v. *Atwood*, 11 Mass. 93; *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Hope*, 22 Pick. 1; *Hill* v. *The State*, 41 Texas, 253; *Gorman* v. *The State*, 42 Texas, 221; *Collins* v. *The State*, 43 Texas, 577.

Mr. Wharton says: "An allegation in an indictment which describes, defines, or limits a matter material to be charged, is a descriptive averment, and must be proved as laid." 1 Whart. Am. Cr. Law, sec. 629.

In view of these authorities we are of opinion that the court erred in giving that portion of the general charge quoted above, and in refusing the 2d instruction asked by defendant.

For the reason, also, that the state failed to prove the allegation in the indictment, the court erred in not granting a new trial.

The judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*