[No. 301. Remanded from January Term, 1886. Filed January Term, 1889].

## UNITED STATES OF AMERICA, APPELLEES, v. JUNE L. FULLER, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT OF REGISTERED PACKET FROM U. S. MAIL —INDICTMENT, SUFFICIENCY OF—SEC. 5467, REV. STAT. U. S.—CON-STRUCTION OF STATUTES. On a prosecution, on indictment, for the embezzlement of a registered packet by the defendant while in the employ of the postoffice department of the United States, as postmaster, under section 5467, Revised Statutes, United States, prescribing the punishment for any person employed in any department of the postal service embezzling any packet intended to be conveyed by mail, containing certain enumerated articles "or any other article of value," an averment of the indictment that a certain registered packet, containing "eight hundred dollars," intended to be conveyed by mail, came into the possession of the defendant as such postmaster, and was by him, by "force and arms," "feloniously embezzled," etc., was sufficient to sustain the indictment, without setting out the kind of dollars, or their value.

ID.—STATUTE PROVISO—INDICTMENT—PLEADING. In such case, it is not necessary in the indictment to negative a proviso of the statute, as that "provided the same shall not have been delivered to the party to whom it is directed," where the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without reference to the exception.

ID.—INDICTMENT—EVIDENCE—VARIANCE. Where the allegation of the indictment was that "a certain registered packet then lately before sent by one M. W. Flourney, of Albuquerque, N. M., and intended to be conveyed by post to one V. Wallace, at Kingston, N. M.," etc., and the evidence was substantially, that one M. W. Flourney, as teller of the Central Bank of Albuquerque, put $800 in an envelope, and addressed it to one Vincent Wallace, cashier of a bank at Kingston, and mailed it, there was no variance between the allegation and the proof. No attempt was made to describe the packet in the indictment; it simply states the attendant facts, as an inducement to the material facts, that the packet with its contents was in the mail, and afterward abstracted therefrom and embezzled by the defendant. It was immaterial to whom it was addressed, or who mailed it.

ID.—EMBEZZLEMENT BY EMPLOYEE OF POSTOFFICE DEPARTMENT—EVI-
DENCE, SUFFICIENCY OF TO PROVE FACT OF EMPLOYMENT.  Where,
in such case, it appeared from the evidence an indorsement was made
by defendant, and signed by him as postmaster, at "Hillsboro," upon
a "tracer" sent out in search of the missing packet, that the packet
had been received at his office, and forwarded through the mail to the
postmaster at "Kingston," and that he had never received from the
postmaster a receipt for it; these facts were sufficient to prove that
the defendant was employed by the postoffice department, and the
jury could not properly have done otherwise than so find.

ID.—WITNESS, IMPEACHMENT OF BY TESTIMONY GIVEN AT FORMER TRIAL.
An objection, to an attempted impeachment of witnesses, by
reading to them their testimony in writing, given at a former trial,
that the testimony should have been read to the witnesses at the time
of their interrogation, as a foundation for their impeachment, and
not afterward, was properly sustained.

APPEAL from a judgment of the Third Judicial
District Court, convicting defendant of embezzlement.
Judgment affirmed.

The facts are stated in the opinion of the court.

CATRON, THORNTON & CLANCY, and J. MORRIS
YOUNG for appellant.

This indictment was bad, because it did not follow
the words of the statute, in this, that the statute pro-
vided "that anyone who should steal and embezzle any
letter, package," etc., containing certain enumerated
articles set out in the statute; the taking of any article
not mentioned in the statute would not constitute a
crime under it.   The indictment charges the defendant
with taking "eight hundred dollars," nothing more or
less; it does not state that it was $800 in lawful money
of the United States, or what kind of dollars, or their
value.   U. S. v. Commonwealth, 92 U. S. 558; U. S.
v. Ormand, 1 Dev. and Bat. 119; Maskill v. State, 8
Blackf. 299; Martin v. State, 9 Mo. 283; U. S. v.
Crookshank, 92 U. S. 558; U. S. v. Simmons, 96 U.
S. 362.

Where the statute defining an offense contains a proviso, which is so incorporated with the language defining the offense that the ingredients of the offense can not be accurately and clearly described, if the proviso or exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. Bish. Crim. Law, secs. 256, 361; U. S. v. Cook, 17 Wall. 168; 2 Lead. Crim. Cases [2 Ed.], 12; Vavasour v. Oromorod, 9 Dowling & Rylan, 599; Spears v. Parker, 1 Term Rep. 141; Comm. v. Bean, 14 Grav. 53; 1 Stark. Cr. Pl. 246; Rex v. Mason, 2 Term Rep. 581; Arch. Crim. Pl. [15 Ed.] 54; Comm. v. Tucker, 20 Pick. 361; State v. Barker, 18 Ver. 195; Commonwealth v. Keys, 2 Gratt. 629.

Neither of the three counts of the indictment contain any allegation of value. This was material and its omission is fatal. U. S. v. Nott, 1 McLean, 504.

There was a total variance in the description of the letter charged to be embezzled and the proof. This variance is fatal. U. S. v. Kean, 1 McLean; see, also, U. S. v. Lancaster, 2 McLean, 431; U. S. v. Brown, 3 McLean, 233.

To convict a person of stealing a letter, etc., who is employed in the postoffice department, such employment must be distinctly alleged and proven. U. S. v. Nott, 1 McLean, 499.

THOMAS SMITH, United States district attorney, for appellee.

When the charge is for embezzlement of a letter, it is not necessary to aver the value or ownership of the contents thereof. U. S. v. Baugh, 1 Fed. Rep. 784; U. S. v. Falkenhamer, 21 Fed. Rep. 624; U. S. v. Patterson, 6 McLean, 466; U. S. v. Brown, 3 id. 233; 12 Meyer's Fed. Dec. secs. 2443, 2470, 2473, 2504.

In indictments for stealing mail, or stealing a let-

ter, no value need be alleged.   U. S. v. Burroughs, 3
McLean, 405; U. S. v. Fisher, 5 McLean, 23; 12
Meyer's Fed. Dec., secs. 2490, 2492.

It is objected that initials only are used in describ-
ing the sender and the person to whom the letter was
addressed.   This is immaterial in cases of this kind.
U. S. v. Burroughs, 3 McLean, 405; 12 Meyer's Fed.
Dec., secs. 2065, 2070, 2127; U. S. v. Jenther, 13
Blatchf. 335.

When the charge is for embezzling a letter it is not
necessary to allege in the indictment that the letter has
not been delivered to the person to whom it was ad-
dressed.   U. S. v. Jenther, 13 Blatchf. 335; 12 Meyer's
Fed. Dec., sec. 2498.

Where an exception is incorporated in the body of
the clause, he who pleads the clause ought also to plead
the exception, but when there is a clause for the benefit
of the pleader, and afterwards follows a proviso which
is against him, he shall plead the clause and leave it to
the adversary to show the proviso."   U. S. v. Cook,
17 Wall. 177.

It is objected that the evidence shows that the let-
ter was addressed to Vincent Wallace, cashier, etc.,
instead of V. Wallace.   These variances are not mate-
rial.   U. S. v. Howard, 3 Sumner, 12; U. S. v. Bur-
roughs, 3 McLean, 405; U. S. v. Jenther, 13 Blatchf.
335; 12 Meyer's Fed. Dec., secs. 2065, 2070, 2127.

BRINKER, J.—The defendant was charged in the court
below with embezzlement.   The indictment was based
upon section 5467, Revised Statutes of United States,
and contained six counts.   The first three charged him
with embezzling a packet from the mails, and the last three
charged him with stealing the contents of such packet.
The essential part of the first count is in these words:
"The grand jurors," etc., "do present that June L. Ful-
ler, late," etc., "on the ninth day of October, 1884,

at," etc., "was a person employed in one of the departments of the postoffice establishment of the said United States, to wit, a postmaster at Hillsboro, in the district aforesaid; and that on the ninth day of October. 1884, in the postoffice at Hillsboro aforesaid, a certain registered packet, then lately before sent by one M. W. Flourney, of Albuquerque, New Mexico, and intended to be conveyed by post to one V. Wallace, at Kingston, New Mexico, and which said registered packet contained the sum of eight hundred dollars, and came into the possession of him, the said June L. Fuller, so then and there being employed as a postmaster at Hillsboro, in the district aforesaid, and the said packet then and there containing the sum of eight hundred dollars, having so as aforesaid come into the possession of him, the said June L. Fuller, he, the said JuneL. Fuller, did then and there, with force and arms, on the ninth day of October, 1884, in the district aforesaid, feloniously secrete the said packet so then and there containing the said sum of eight hundred dollars, contrary," etc.

There was a motion to quash the indictment filed, assigning various reasons therefor; the principal one being that the indictment did not charge any offense against the laws of the United States. This motion was overruled, and the defendant excepted. A trial was had, and the defendant convicted. Afterward motions for a new trial and in arrest of judgment were filed and denied, and the cause brought here upon appeal. To reverse the judgment the defendant insists that the court erred in denying his motion to quash the indictment, and in denying his motions for a new trial and in arrest of judgment, and for refusing to allow certain testimony offered by him to go to the jury. These will be considered in their order.

The statute upon which this indictment is framed is in these words: "Any person employed in any department of the postal service who shall secrete, em-

bezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail carrier, mail messenger, route agent, letter carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any postoffice or branch postoffice established by authority of the postmaster general, and which shall contain any note, bond, draft, check, warrant, revenue stamp, postage stamp, stamped envelope, postal card, money order, certificate of stock, or other pecuniary obligation or security of the government, or of any officer or fiscal agent thereof, of any description whatever; any bank note, bank post bill, bill of exchange, or note of assignment of stock in the funds, any letter of attorney for receiving annuities or dividends, selling stock in the funds, or collecting the interest thereof; any letter of credit, note, bond, warrant, draft, bill, promissory note, covenant, contract, or agreement whatsoever, for or relating to the payment of money, or the delivery of any article of value, or the performance of any act, matter, or thing; any receipt, release, acquittance, or discharge of or from any debt, covenant, or demand, or any part thereof; any copy of the record of any judgment or decree in any court of law or chancery, or any execution which may have issued thereon; any copy of any other record, or any other article of value, or writing representing the same—any such person who shall steal or take any of the things aforesaid out of any letter, packet, bag, or mail of letters, which shall have come into his possession, either in the regular course of his official duties, or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor for not less than one year, nor more than five years."

There was no evidence offered under the fourth, fifth, and sixth counts of the indictment, which charged the defendant with the larceny of the contents of the packet, and they need not be further noticed. The second and third counts were substantially like the first set out above. This statute does not make it an offense to secrete or embezzle from the mails a packet simply, but a packet containing one or more of the things enumerated, or some other article of value. There is no pretense that any of the articles specifically mentioned were contained in the packet, but that it did contain some other articles of value, viz., $800. Defendant contends that this is not a sufficient description of such articles, but that the indictment should have set out the kind of dollars, whether coin or currency, and whether they were of the coinage or issue of the United States or some other country, and their value. The statutes of the United States make the dollar the unit of value. Sections 3511, 3585, R. S., and 20 St. at Large, 25. These statutes are public acts. The rule is elementary that the court will take judicial notice of all public statutes, and that it is not necessary to plead or to prove them. 2 Phil. Ev. 106; Peake, Ev. 30; 1 Bl. Comm. 85.

Now, if the dollar is the legal unit of value, then the indictment alleged that the packet contained eight hundred units of value. These units are called in the statute "dollars," and are so designated in the indictment. It is immaterial what the extent or amount of the value is. If the packet contained an article of any value, however small, it is sufficient. The law says the dollar is the basis upon which all values are to be computed. The indictment charges that the packet contained $800; that is, eight hundred measures of value. But it is said that the pleader should have alleged that these dollars possessed value; that he should have put it in the ordinary form laid down in the books—thus:

"Eight hundred dollars, of the value of eight hundred dollars;" or, "Lawful money of the United States, to wit, eight hundred dollars, of the value of eight hundred dollars." If the packet had contained any other article to which the law fixes no certain value, then this would undoubtedly be true; for instance, a piece of jewelry. The law places no value on such an article. Its value, if any, is regulated entirely by the usage of trade, and the law of supply and demand, and such value should be laid in the indictment, in the current money of the country, made by law the standard or unit of value. To charge that $800, would add no force or weight to the indictment. It would not make the charge stronger, nor would it give the defendant any more information of the nature and cause of the accusation against him than is contained in this indictment. This view finds support by analogy in the principle laid down in the following cases: Mathews v. Rucker, 41 Tex. 636; Short v. Abernathy, 42 Tex. 94; Thorington v. Smith, 8 Wall. 1; Stoughton v. Hill, 3 Woods. C. C. 404; Confederate Note Case, 19 Wall. 548; 5 Am. & Eng. Encyclopedia of Law, 854; U. S. v. Lancaster, 2 McLean, 431.

As a further objection to the indictment, defendant relies upon its failure to negative this clause of the section of the statute: "And provided the same shall not have been delivered to the party to whom it is directed." In U. S. v. Cook, 17 Wall. 168, the court say: "Where a statute defining an offense contains an exception in the enacting clause of the statute which is so incorporated with the language defining the offense that the ingredients of the offense can not be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception; but, if the language of the section defining the offense is so entirely separa-

ble from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense, and must be shown by the accused.'' If the exception is in another clause of the section separate from the clause defining the offense, it need not be noticed. 1 Bish. Crim. Proc., section 632, et seq. The statute creates two offenses. U. S. v. Pelletreau, 14 Blatchf. 127. The portion of the statute creating the second offense falls between that portion creating the offense here charged and the proviso. In defining the ingredients of the first offense, the proviso may be ignored, and still a complete crime will be charged. The ingredients of this offense are that the accused must be employed in the service of the postoffice department. The packet must have been put in the mails for transmission, or must have been delivered to the defendant for that purpose. It must contain one of the articles enumerated or some other article of value, and have been secreted or embezzled by him. This makes the offense complete, and an indictment charging these things accurately and clearly describes all of the ingredients of the offense, without negativing the exceptions or proviso. If the packet had been taken out of the mail, and delivered to some one, not an employee of the department, other than the person to whom it was directed, for the purpose of delivery to such person, and should then be secreted by him, I apprehend no offense would be committed under the first part of the section, although it had not been delivered to the person to whom it was directed, because the person secreting, etc., would not sustain the relation of employee to the postoffice department. But if it had been thus taken out of the mails by an employee of the department, and its contents stolen, then, in order to consti-

tute an offense under the latter part of the section, such stealing must have been done before delivery to the person to whom the packet was directed. In such case the exception should be negatived; for, if the larceny was committed after the delivery of the package to the person to whom it was directed, no offense would be committed under the federal statute, but it would fall under the territorial statute, as in ordinary cases of larceny. So, in order to make the offense larceny under this statute, the taking the contents of the packet must have been done before the government had fully completed the duty it had undertaken, by delivering the packet to the person to whom it was directed. It is clear from this that a complete offense in all its particulars under the first clause can be set out in the indictment, without reference, in any manner, to the exception or proviso.

The next point made by the defendant is that there was a variance between the allegation in the indictment and the proof, as to the description of the packet charged to have been embezzled. The portion of the indictment on this point is: "A certain registered packet then lately before sent by one M. W. Flourney, of Albuquerque, New Mexico, and intended to be conveyed by post to one V. Wallace, at Kingston, New Mexico." The evidence was substantially that M. W. Flourney, as teller of the Central Bank of Albuquerque, put $800 in an envelope, and addressed it to Vincent Wallace, cashier of a bank at Kingston. Mr. Flourney is positive as to this. He states in one place that he sent this packet, but in another that he does not remember whether he put in the postoffice or not, but the tenor of his testimony is that he did. He says that whatever he did was done as the representative of the Central Bank. The books of the postoffice show that the packet was sent by the Central Bank to Vincent Wallace, but there is nothing to show, beyond the testi-

mony of Mr. Flourney, who actually carried the packet
to the postoffice and delivered it to the person then in
charge.    It is unnecessary to say that the bank could
only have delivered it there by the hand of some agent.
While the testimony is meager, there is enough to jus-
tify the jury in finding that Mr. Flourney posted the
packet.

There appears to be no force in the objection that
there was a variance between the allegation and proof
upon this point.    There was no attempt made to
describe the packet in the indictment, but simply the
statement of the attendant facts, as inducement to the
material fact, that the letter was in the mail.    Who
put it there, or to whom was it addressed, were other-
wise immaterial.    The material facts in this case are
that a letter or packet, with certain contents, was in
the mail, and afterward abstracted and embezzled by
defendant.    The cases cited by defendant from the
McLean reports tend rather to support than to over-
throw this position.

In U. S. v. Keen, 1 McLean, 429, the second and
fourth counts of the indictment charged the defendant
with stealing a letter containing a draft, and described
the draft particularly as having been drawn by ''Joseph
Johnson,'' and to support this a draft signed by ''Jos.
Johnson'' was offered in evidence.    The court with
great hesitation held the draft inadmissible under
those counts, upon the ground that, since the
prosecutor had undertaken to particularly describe
the draft in the indictment, the proof should conform
to the allegation.    In the third and fifth counts the
allegation was, ''a draft on the Bank of the United
States,'' and the court held it admissible under those
counts.    The implication is strong from the reasoning
in this case that if the name of the sender had been
used as a statement of the fact merely, and not as
descriptive of the draft, the variance would have been

immaterial.   The court quotes with approval from the case of King v. Ellins, Russ. & R. 188, the following: "Where the letter embezzled was described as containing several notes, it is sufficient to prove that it contained any one of them; the allegation not being descriptive of the letter but of the offense."

In the case of U. S. v. Lancaster, 2 McLean, 431, a conviction was sustained upon an indictment which charged the defendant with embezzling a letter from the mails containing divers bank notes, without any allegation as to who sent the letter, or to whom it was directed.   This supports the position we have taken, that those allegations are mere statements of collateral or attendant facts, and not descriptive averments, and therefore immaterial.   If it be shown that a letter or packet was actually put in the mail, and the same letter or packet afterward secreted or embezzled by the accused, a variance in the name of the sender or the person to whom it was to be delivered would be immaterial.

The case of U. S. v. Brown, 3 McLean, 233, decides that where unnecessary matter of description is stated in the indictment such matter must be proved as laid.

During the trial defendant's counsel interrogated certain witnesses for the government as to their testimony upon a former trial of the cause, for the purpose of impeaching them by showing that they had made statements in contradiction of their testimony given upon the trial then in progress.   Some of the witnesses denied having made such statements; others stated that they did not remember what they had said on the former trial.   The defendant afterward offered to prove what those witnesses had testified to on the former trial, upon the points embraced in the questions propounded to them, by reading to the jury the record of the testimony given by these witnesses on such trial.

To this offer the government objected, upon the ground that the foundation for the admission of such testimony had not been properly laid. The court sustained the objection, and the defendant excepted. Thére was no error in this ruling. The offer of the defendant shows that the testimony given by these witnesses on the former trial was in writing, and in such case the foundation for its introduction ,as impeaching testimony could only be laid by either showing the written testimony to the witness, or reading it to him at the time he was interrogated. Section 2084, Comp. Laws, 1884, is conclusive on this point.

The next contention is that there was no evidence to show that at the time of the alleged embezzlement the defendant was employed in the postoffice department. This position is not sustained by the record. Vincent Wallace testified that, upon the failure of the packet to reach him at Kingston within a reasonable time he went to Hillsboro, and called upon defendant as postmaster, and inquired for the packet; that defendant first looked through his papers for a receipt for the packet from the postmaster at Kingston, and failed to find one; he showed Wallace his books, in which he had entered the fact of its having been forwarded to Kingston; that he also searched through the postoffice for the packet, but failed to find it. The postoffice inspectors testified that they received a letter from the defendant informing them of the loss of the packet; that they went to see defendant, and demanded that he should deliver the packet, or the money which it had contained, to them. This the defendant corroborates in his testimony, and it is also sustained by the testimony of defendant's father. L. W. Lenoir, postmaster at Lake Valley, testified that the packet in question passed through his hands as such postmaster, and was by him forwarded to Hillsboro, and that the defendant sent him a receipt for it. The defendant

testified that the postoffice inspector demanded his resignation as postmaster. There was abundance of evidence of like import. But stronger than this was the indorsement made by the defendant, and signed by him as postmaster at Hillsboro, upon a tracer or letter sent out in search of the missing packet; that the packet had been received at his office, and forwarded through the mail to the postmaster at Kingston, and that he had never received a receipt from such postmaster for it. Upon this testimony the jury could do nothing less than find that the defendant was employed in the postoffice department.

Finding no error in the record, the judgment is affirmed.

LONG, C. J., and REEVES, J., concur.