## UNITED STATES v. BETHEA.

*(District Court, D. South Carolina. January 8, 1891.)*

POST-OFFICE—ROBBERY FROM MAILS—DECOY PACKAGES.

    A postal-car employe who takes from the mail under his charge a package containing things of value, although placed in the mail as decoy, and addressed to a person having no existence, is punishable under Rev. St. U. S. §§ 3891, 5467, denouncing a penalty against any postal employe who takes any letter or packet "intrusted to him, * * * and which was intended to be conveyed by mail. * * *" Following *U. S.* v. *Wight*, 38 Fed. Rep. 106; *U. S.* v. *Dorsey*, 40 Fed. Rep. 752; and *U. S.* v. *Whittier*, 5 Dill. 35. Refusing to follow *U. S.* v. *Demicke*, 35 Fed. Rep. 407, and *U. S.* v. *Matthews*, 35 Fed. Rep. 890.

At Law. Indictment for robbing the mails.

Rev. St. U. S. § 3891, provides that—

"Any person employed in any department of the postal service, who shall unlawfully detain, delay, or open any letter, packet, bag, or mail letters intrusted to him, or which has come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail-carrier, mail-messenger, route-agent, letter-carrier. or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office established by authority of the postmaster-general, or who shall secrete, embezzle, or destroy any such letter, packet, bag, or mail of letters, although it does not contain any security for, or assurance relating to, money or other thing of value, shall be punishable by a fine of not more than five hundred dollars, or by imprisonment for not more than one year, or by both."

Section 5467 declares, among other things, the punishment of any postal employe who shall secrete, embezzle, or destroy any letter, packet, etc., "intrusted to him," etc., for the purposes described in section 3891.

*Abial Lathrop*, Dist. Atty.

*J. M. Johnson* and *Charles A. Woods*, for defendant.

SIMONTON, J. The defendant is indicted, under sections 3891 and 5467 of the Revised Statutes, for taking from the mail in his possession a package, and stealing its contents, which had value. He was a postal-car employe between Wilmington, N. C., and Jacksonville, Fla. The evidence on the part of the government was that among the contents of a mail-bag distributed by defendant on the train was a box containing a stud and a dollar bill; that defendant opened the box, and appropriated its contents, throwing the box away; that the box was really a decoy package, addressed to W. H. Tatum, Orange Park, Fla. There is no such person as Tatum. The inspector who caused the decoy package to be put in the mail intended to intercept it before or when it reached Orange Park post-office. At the close of the evidence by the prosecution, the defendant moved the court to instruct the jury to find him not guilty, upon the ground that a decoy package addressed to a person not existing, and not intended to be delivered to the addressee, is not within sections 3891 and 5467, Rev. St. He quotes and relies upon *U. S.* v. *Demicke*, 35 Fed. Rep. 407; *U. S.* v. *Matthews*, 35 Fed. Rep. 890. The

same question was made in *U. S.* v. *Wight*, 38 Fed. Rep. 106; *U. S.* v. *Dorsey*, 40 Fed. Rep. 752; and *U. S.* v. *Whittier*, 5 Dill. 35,—and an opposite conclusion reached. A careful consideration of the sections in question satisfies me that those two sections cover every package which has come into the hands of a postal employe, "intended to be conveyed by mail;" and, if he deals unlawfully with it, he cannot be excused because it cannot be delivered to the person to whom it is addressed. I concur with the cases in Dillon, 38 and 40 Fed. Rep., and dismiss the motion. See, also, *U. S.* v. *Foye*, 1 Curt. 364.