Thomson, J.,
delivered the opinion of the court.
The plaintiff in error was convicted of fraudulently obtaining possession of goods, wares and merchandise of P. L. Bockfinger & Co. by means of a false report of his wealth and mercantile character, which he caused to be made by the mercantile agency of R. G. Dun & Co. to Bockfinger & Co. The indictment charges that on the 8th day of September, 1890, Ismar Schayer, devising and intending to cause and procure the mercantile agency of R. G. Dun & Co. to report falsely his wealth and mercantile character to Bock-finger & Co., and thereby to impose upon them, and to obtain a credit from them, and by means of such credit to get into' his possession goods, wares and merchandise belonging to them, and to cheat and defraud them thereof, falsely represented his wealth and standing to Dun & Co., and procured Dun & Co. to make the false report to Bockfinger & Co.; and that by means of the false report which the defendant so caused and procured to he made to Bockfinger & Co., *77 he obtained a credit from that firm and fraudulently obtained possession of certain goods, wares and merchandise belonging to them.
The law upon which the prosecution is based reads as follows : “ If any person shall cause or procure others to report falsely of his honesty, wealth or mercantile character, and by thus imposing on any person or persons, obtain credit, and thereby fraudulently get into possession of goods, wares, merchandise or any valuable thing, every such offender shall be deemed a swindler, and on conviction shall be sentenced to return the property so fraudulently obtained, if it can be done, and shall be fined not exceeding one-thousand dollars, and imprisoned in the county jail not exceeding six months.” Gen. Stats., 1883, p. 343, sec. 884.
The uncontradicted evidence was that at the time Schayer made the statement to Dun & Co. he had no knowledge of the firm of Bockfinger & Co.; so that the statement could not have been made for the purpose of being communicated to Bockfinger & Co., or with any intent, special or general, of defrauding them. The proof therefore disagreed with the allegations, and the question to be determined is whether the variance was of such a character as to render it fatal.
To constitute the offense defined by the statute, it is not necessary that an intention to defraud any particular person or persons should exist. If the false report which has been procured results in defrauding any person of his property, the offense is complete whether the offender had such person in his mind or not; and an indictment setting forth that the person charged caused others to report falsely of his honesty, wealth or mercantile character, and that by means of the report some person or persons, naming them, were imposed upon so that they extended credit to the offender, and he thereby fraudulently obtained possession of their property, would contain substantially all the facts necessary to constitute the offense under the statute. But in this indictment the obtaining of Bockfinger & Co.’s goods is inseparably connected with a design to defraud these particular individ *78 uals. It alleges that the defendant procured Dun & Co. to ■report falselj', not generally or to the public, but specially to them; that in procuring the report he devised and intended to impose upon them and obtain a credit from them, and in pursuance of the credit to get into possession of their property fraudulently ; and that by means of that report, procured in that manner arid for that purpose, he did fraudulently obtain possession .of their goods. If the ave'rments were true the defendant’s sole purpose in procuring the report was to enable him to defraud Bockfinger & Co. This alleged original design of the defendant pervades the whole indictment, and if everything that relates to it should be stricken out there would be no offense .charged. It is well settled that where the identity of a charge in an indictment is dependent upon an allegation which is unnecessary, or where an indispensable allegation is made needlessly specific, the unnecessary matter cannot be rejected as surplusage, but must be proven as averred, or the prosecution must fail. Clark v. Commonwealth, 16 B. Monroe, 206; Commonwealth v. Magowan, 1 Met. (Ky.) 368; State v. Jackson, 30 Me. 29; U. S. v. Brown, 3 McLean, 233.
In Commonwealth v. Harley et al., 7 Met. (Mass.) 506, it was held that a charge in an indictment of a conspiracy to defraud a particular individual was not supported by evidence of a conspiracy to cheat the public generally, although it did in fact operate to defraud the individual named; ancj that the variance between the allegations and the proof was fatal to the prosecution. See also Commonwealth v. Kellogg, 7 Cush. 473.
, An allegation in this indictment of a purpose on the part of the defendant to defraud the public generally, or such person as the act committed might operate to defraud, and that by means of the act Bockfinger & Co. were in fact defrauded, would have been sufficient; but the charge of intention was specific, and the proof not only failed to support it, but established a. state of facts inconsistent with it.
The defendant requested .instructions to the effect that *79 to convict the defendant under the indictment it must be shown that he procured the false report to be made to Bock-finger & Co., and did so with the intention of defrauding them; but the instructions were refused, and others given at the instance of the people, which directed a conviction if the jury should believe that the defendant caused Dun '& Co. to make a false report of his standing, and that by reason of the report Bockfinger & Co. extended credit to the defendant and were thereby defrauded of their goods. The instructions refused should have been given,' and those giv,en refused.
The judgment should be reversed.
Bissell, P. J., concurs.