J. Horace Alderman, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

En Banc.

Opinion Filed December 2, 1924.

Petition for Rehearing Denied January 8, 1925.

Where the members of the appellate court are equally divided in opinion as to whether a judgment on writ of error should be reversed or affirmed, and there is no prospect of a change of judicial opinion, the judgment should be affirmed, so that the litigation may not be unduly prolonged.

A Writ of Error to the Circuit Court for Lee County; George W. Whitehurst, Judge.

Judgment affirmed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

BROWNE, J.—J. Horace Alderman was indicted for the larceny of "one hundred and ten dollars lawful money of the United States of America, of the value of one hundred and ten dollars."

The plaintiff in error at the time of filing his brief made a written request to be permitted to orally argue the case before this court.

We find in the Attorney General's brief these admissions of error:

"Patently defective on its face, as is the indictment in this case, no attack was made upon it

"And, assuming that the evidence as to the character of the property stolen, adduced at the trial, was also before the grand jury, and that the indictment returned was predicated upon it, such indictment was improper. There was no evidence whatever that any 'money' was stolen. Since the statute (Rev. Gen. Stat. 5122) differentiates 'money' from 'bank notes,' miscarriage of justice, such as will probably result in this case, may sometimes be prevented by State's Attorneys and grand juries doing likewise, and, at the same time, not ignoring what is 'money' or the fact that there are several kinds of it, or elementary rules of criminal pleading."

"In view of the fact that there is no evidence of one essential element of the offense charged,—that the prop-

erty stolen was 'money' within the meaning of the statute,
—consideration of the remaining alleged errors could
serve no good purpose.''

''The evidence is ample to warrant the finding of the
jury as to every material fact in the case and to support
the verdict returned, other than as to the character of
the property stolen. No effort was ever made to prove
that the Indian's 'roll' consisted of or contained 'money'
within the meaning of the statute.''

Shortly after the Attorney General filed his brief, the
plaintiff in error withdrew his request for oral argument,
because the State ''confessed material and reversible
error.''

The indictment described the money alleged to have
been stolen as ''lawful money of the United States of
America,'' and alleged that it was ''of the value of
$110.00.''

The complaining witness is a Seminole Indian, who
seems not to be very familiar with the English language.
It appears from the record that he had been drinking
whiskey about the time he said he lost the ''money,'' and
although he denies being drunk, he admitted ''my head
shaked little bit'', that his head felt ''funny,'' and ''I go
to sleep.'' He did not remember everything that happened
at Crescent Beach where the money was lost.

Odessa Watts testified that she saw the Indian with
''some money and he took some money out of his pocket
and laid it on the counter, and that Alderman took it up
and stuck it in his pocket,'' and that he told her, '':I
will give you $40.00 of it to keep your mouth shut.''

There is testimony all through the record about the
Indian having ''money,'' and a ''roll of bills,'' and about
Alderman picking up the ''money'' and putting it in
his pocket.

One witness says "he had, seemingly, a roll of money in his hand."

There was no effort made to prove that this was "lawful money of the United States of America," as alleged in the indictment. So far as is shown by the testimony, the "roll of bills" or "money" that the Indian "laid on the counter," and which Alderman "picked up and put in his pocket" may have been "lawful money of the United States," or it may have been Canadian, Mexican or Argentine money; the dollar being used in each of those countries. The words "dollar" and "money" found in the testimony, do not prove the allegation in the indictment, that the stolen money was "lawful money of the United States of America." It was not produced in court for the jury to see and determine by inspection that it was lawful money of the United States.

In People v. Hunt , 36 L. R. A. (N. S.) 933, there is a very full annotation of the essentials of the description of money in an indictment for larceny. Assuming that the description of the money in the indictment under consideration, that it was "lawful money of the United States of America," is sufficient, it also appears from authorities that it was necessary to so allege, and being necessary, to so describe it in the indictment, it was necessary to prove it as alleged. There is no proof whatsoever on this point, nor was any effort made to prove it.

In the case of Hamilton v. State, 60 Ind. 193, the indictment charged the accused with the larceny of $75.00 of the lawful money of the United States.

The court said: "The evidence is all in the record; and, conceding, without deciding, that a case of larceny was made out, there was no evidence whatever that the money claimed to have been stolen was money of the United States. 'Lawful money of the United States'

might consist of gold or silver coin, or United States Treasury notes and the fractional currency. Perhaps it might be inferred, from some circumstances, that the money alleged to have been stolen was paper money; but, if so, there was no evidence from which it could be inferred that it was paper money of the United States. The notes of the national banks furnish a large proportion of the circulating medium; and, for aught that appears, the money in question may have been the notes of such banks.

"The notes of the national banks are in no sense money of the United States. The State, having alleged that the money stolen was of the money of the United States, was bound to prove the allegations as made. See State v. Jackson, 30 Me. 29."

In the case of Otero v. State, 30 Tex. App. 450, 17 S. W. Rep. 1081, the court said: "The property alleged to have been stolen was described as 'twenty dollars in money.' This would be a sufficient description on demurrer, but the proof must correspond with this allegation. 'Money,' as used in the statute pertaining to theft, means legal tender coin or legal tender currency of the United States. Lewis v. The State, 28 Texas Ct. App. 140, and cited authorities. If the eviednce had so shown, the proof would have been sufficient on this aspect of the case. The evidence on this point is that the money was a $20 bill, and in one place it is stated that the letter mentioned it as a $20 'bill American money.' We do not think this evidence shows the 'bill' was 'money,' as that term is understood under our statutes pertaining to the crime of theft. If the property was not money as above defined, then the indictment should have described it; and if that could not be done, then that fact should be stated in the indictment. Code Crim. Proc. art. 427."

Allegations in an indictment describing the property stolen, although not necessary to be alleged, become material by being set out in the indictment and must be proven as alleged. See State v. Noble, 15 Me. 476; State v. Jackson, 30 Me. 29. See also Fulford v. State, 50 Ga. 591, where this subject is fully discussed and authorities cited.

In the case of Watson v. State, 64 Ga. 61, the indictment charged that the money converted was "lawful currency of the United States." The court held that this allegation was unnecessary, but "being alleged it ought to be proven."

There is a total absence of any proof that the "bills" or "money" alleged to have been stolen, was "lawful money of the United States of America," as alleged in the indictment, or the money of any other country.

The 10th assignment of error challenges this charge given to the jury: "Gentlemen of the Jury: This is the case of the State of Florida against J. Horace Alderman, in which the defendant is charged with having on the 24th day of July, 1923, in Lee County, Florida, took and carried away $110.00 in money, of the goods and chattels of one Josie Billy, with intent to steal. The defendant has entered a plea of not guilty and you have been empaneled and sworn to try the issues between the State and the defendant. You are the sole judges of the credibility of the witnesses in this case and the weight of the evidence. It is your duty as jurors to reconcile all the evidence of each and every witness so that each witness will be made to speak the truth if you are able to do that, but if you find that you are not able to reconcile all the testimony in this case then it is solely within your province which evidence you will believe and which evidence you

will reject. You should base your verdict on the evidence which you believe.''

This is erroneous, in that in stating what the defendant was charged with, the court omitted that portion of the indictment which alleged that the money was ''lawful money of the United States of America.''

The plea of not guilty put that allegation in issue, but the court eliminated it, and it was not brought to the attention of the jury in any of the other instructions.

The court is equally divided upon the disposition of this case, Messrs. Justices Ellis, West and Terrell being of the opinion that the judgment should be affirmed; Mr. Chief Justice Taylor, and Messrs. Justices Whitfield and Browne being of the opinion that the judgment should be reversed for the reasons above expressed. As there is no likelihood of an agreement between the Justices of the Court in this case on the question presented, the judgment is hereby affirmed under the rule. See State ex rel. Hampton v. McClung, 47 Fla. 224, 37 South. Rep. 51.